## SPRAGUE *against* BIRDSALL.

ON certiorari to a Justice's Court. Assumpsit in the Court below, by Birdsall against Sprague, for money had and received. The plaintiff crossed Cayuga Lake on the ice, with his own sleigh. He commenced crossing within about 6 miles of the Cayuga Bridge, and crossed in a direction which brought him off of the lake within about 60 rods of the bridge. The defendant, who was toll gatherer at the bridge, demanded 25 cents toll of the plaintiff, which he paid. Verdict and judgment for the plaintiff for 25 cents, with costs.

*L. F. Stevens,* for the plaintiff in error.

*J. Clarke,* contra.

*Curia,* per SAVAGE, Ch. J. The Cayuga Bridge Company was incorporated March 28, 1797, to continue for 25 years. On the 1st March, 1799, the act of incorporation was amended. The duration of the company was extended to 75 years; and the 2d section enacts that it shall not be lawful for any person or persons to erect any bridge, or establish any ferry or ferries, within 3 miles of the place where the bridge shall be erected by the company; neither

*The amendment to the act to incorporate the Cayuga bridge company, provides that it shall not be lawful for any person to cross the lake within three miles of the bridge, without paying toll; held, that embarking upon one side of the lake, six miles from the bridge, and crossing in such a direction as to leave the lake within 60 rods of the bridge, on other side, is not such a crossing within the three miles, as is contemplated by the act.*

. The act further provides, that any person may pass with his own boat, within three miles; *held,* that any one may cross in his sleigh, on the ice, within the principle of this proviso, and according to the general intent of the act, which is, that all persons who are compelled to resort to others, to assist them in passing, should cross the bridge; otherwise, as to those who have the means of passing independent of the bridge.

Yet, where one crosses the lake in such a manner as not to subject himself to the payment of toll, but on its being demanded, voluntarily pays it, he cannot maintain an action to recover it back.

A penal statute should be strictly construed.

So of a statute in favor of corporations or particular persons, and in derogation of common right.

They should not be extended beyond their express words, or their clear import.

shall it be lawful for any person or persons to cross the lake, after the bridge is completed, within 3 miles thereof, without paying to the corporation, for their use, the toll established by law; but it shall and may be lawful for any person or persons to pass and re-pass with his or their own boat, without being subject to the toll."

Two questions are raised : 1. Whether the plaintiff below crossed the lake within the 3 miles, as intended by the act. 2. If so, whether crossing on the ice subjects him to the payment of toll.

The act confers upon the company certain privileges, and restrains the rights of the citizen. It is, in a measure, penal; and ought to be strictly construed. In the construction of statutes made in favor of corporations or particular persons, and in derogation of common right, care should be taken not to extend them beyond their express words or their clear import. (*Coolidge* v. *Williams*, 4 Mass. Rep. 145. *Melody* v. *Reab*, id. 473.) They cannot take away a common law right, unless the intention is manifest; and, when not remedial, are not to be extended even by equitable principles. (Id.)

1. I cannot suppose the legislature contemplated such a crossing as this. Birdsall appears to have entered upon the lake more than 6 miles below the bridge; and could not have intended an infringement of the corporation rights. He does not fall within the language of the act, nor, in my opinion, is he within the reason of it.

2. By the *proviso*, every person is at liberty to cross in his own boat, within the 3 miles. The object of the legislature seems to have been, that all persons who were compelled to resort to others to assist them in crossing, should cross upon the bridge, and pay toll accordingly. But I cannot believe they intended to compel those who had the means of crossing independent of the bridge, to cross on the bridge, and pay toll. The principle contained in the *proviso*, negatives that idea. Can any man, then, be compelled to pay toll who crosses on the ice ? I think not. He indeed comes within the language of the enacting clause; but he also falls within the principle of the proviso. The means of crossing are furnished him without the aid of the company. There

is no equivalent on their part, and I think he should not be compelled to pay.

It is said, the act of April 18th, 1815, (sess. 38, ch. 233, s. 1,) affords a legislative construction, by providing "that the agents of the United States shall have the right to transport all military stores across the Cayuga lake in boats or on the ice." It is a sufficient answer, that an act in affirmance of a common law right, does not affect the right, nor raise a doubt as to its previous existence. If I am correct, they had that right before the act.

But the money was, in this instance, voluntarily paid. The plaintiff below, instead of paying upon demand, should have suffered a prosecution. The rule, *volenti non fit injuria*, is applicable ; and for this reason, only, must the judgment be reversed.

Judgment reversed.