THOMAS F. HAYES, as General Assignee, etc., Appellant, *v.* ALEXANDER V. DAVIDSON, as Sheriff, etc., Respondent.

Under the provisions of the Code of Civil Procedure (§§ 1421 *et seq.*) authorizing the substitution of the indemnitors of a sheriff as defendants in an action brought to recover personal property levied upon by him by virtue of an attachment or execution, or to recover damages for such a levy, it must affirmatively appear by the papers upon which the motion for substitution is made that the applicants became indemnitors to the sheriff before the commencement of the action against him.

*It seems* that in a case where the property in question consists of numerous articles of large value, taken by the sheriff under numerous processes at different times, as to a portion of which only indemnity has been given, and where numerous bonds of indemnity have been given varying largely in amount and referring to different seizures, and only a portion of the indemnitors apply for substitution, that the application should be declined.

*It seems* also, that an order, granting an application to substitute as joint defendants numerous indemnitors liable for distinct and separate levies, is improper where the individual consent of each applicant only authorizes an order making him alone a defendant.

*Hayes* v. *Davidson* (34 Hun, 243), reversed.

(Argued December 9, 1884 ; decided January 20, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made November 24, 1884, affirming an order of Special Term, granting a motion on the part of various indemnitors of defendant, as sheriff, to be substituted in his stead as defendants herein. (Reported below, 34 Hun, 243.)

This action was brought to recover damages for an alleged unlawful taking of a stock of goods and fixtures to which plaintiff claimed title under and by virtue of assignment for benefit of creditors.

The property was levied upon by the defendant, as sheriff, by virtue of various attachments issued to him in actions against the assignor.

The facts, so far as material, are stated in the opinion.

*Peter Condon* for appellant. The court below had no power to make the order appealed from. It is not enough that indemnity has been given. It must appear that the indemnity covers the act complained of. (Code, §§ 1421, 1422 ; *Marvin* v. *Clark*, 83 N. Y. 518, 525.) As the court had no power to impose terms including a stipulation by which the plaintiff should be protected, the absolute and unconditional granting of the order in this case upon the facts shown was beyond the power of the court. ( *Wood* v. *Wagner*, 30 N. Y. 9, 11, 18 ; *Griffith* v. *Hardenburg*, 41 id. 464.)

*Blumensteil & Hirsch* for respondent. The order substituting the indemnitors of the sheriff was authorized by Code, § 1421, and subsequent provisions. (*Hein* v. *Davidson*, 19 Week. Dig. 176.)

*George F. Langbein* for indemnitors, respondents. An officer, who is sued for an official act, has the right to appoint his own attorney and to manage the defense, notwithstanding he has been fully indemnified and the indemnitor desires to assume the defense. (*Peck* v. *Acker*, 20 Wend. 605 ; *Bridgeport F. & M. Ins. Co.* v. *Wilson*, 34 N. Y. 275 ; *Hessberg* v. *Reilly*, 91 id. 380 ; *Hein* v. *Davidson*, 67 How. Pr. 148 ; reversing *S. C.*, 66 How. 354.) The giving of the stipulation was unnecessary, as the granting of the motion upon the papers of the indemnitors, they being regular, was a statutory right. (*Malcolm* v. *O'Reilly*, 89 N. Y. 157 ; *Hessberg* v. *Reilly*, 91 id. 377 ; *Hein* v. *Davidson*, 67 How. Pr. 149.)

*Edward S. Hatch* for respondents Megros *et al.* This action is within the provisions of section 1421 of the Code. (*Hein* v. *Davidson*, 5 Code of Civ. Pro. 391 ; *Hessberg* v. *Reilly*, 91 N. Y. 380 ; Code, § 1426.) The terms of granting the motion rested in the discretion of the court at Special Term. (Code, §§ 1423, 1424 ; *Ithaca Gas-light Co.* v. *Treman*, 18 Week. Dig. 70.)

*William D. Peck* for respondents Pullman *et al.* The respondents are entitled, as indemnitors of the sheriff, to be made parties defendant. (Code of Civil Pro., §§ 1421, 1422.) The requiring of further security was in the discretion of the court. (Code of Civil Pro., § 1423.) The merits of plaintiff's cause of action are not affected by the substitution. (Code, § 1426 ; *Hessberg* v. *Reilly*, 91 N. Y. 377 ; *Hein* v. *Davidson*, 67 How. Pr. 149.)

RUGER, Ch. J. This is an appeal from an affirmance by the General Term of an order of the Special Term discharging the sheriff from his liability to the plaintiff for an alleged trespass in seizing and converting property, and substituting in his place as defendant several persons who claimed to have indemnified the sheriff for his acts in seizing the property. The motion was made under the provisions of the Code of Civil

Procedure embraced in the several sections numbered 1421 to 1427, inclusive. Section 1421 reads as follows: "When an action to recover a chattel hereafter levied upon by virtue of an execution, or a warrant of attachment, or to recover damages by reason of a levy upon, detention or sale of personal property hereafter made by virtue of an execution or a warrant of attachment is brought against an officer, or against a person who acted by his command, or in his aid, if a bond or written undertaking, indemnifying the officer against the levy or other act, was given in behalf of the judgment creditor, or the plaintiff in the warrant, *before the action was commenced*, the person or persons who gave it, or the survivors, if one or more are dead, may apply to the court for an order to substitute the applicants as defendants in the action in place of the officer or the person so acting by his command or in his aid." Section 1422 provides that in case the pleadings do not show that the case is one where the order may be granted, the facts may be otherwise shown, and that the moving papers must contain a written consent, duly executed, acknowledged and certified on the part of the applicant, to be made defendant. Section 1423 authorizes the court to impose such terms upon granting the order as justice may require. Section 1424 provides that when the indemnity given by the applicants relates only to a part of the property, that the action may be divided, and the applicants be admitted to defend as to that part of the action which affects the property in which they are interested. These provisions of the Code are new and constitute a serious and important innovation upon the law as it stood previous to their enactment. Their constitutionality has been seriously questioned heretofore in this court, and was affirmed by us only after much hesitation and by a divided court.

This statute is clearly in derogation of the common law and common right, and, in the absence of the special rule provided by the Code, would by settled rules of interpretation be strictly construed, and confined to provisions and clear import. (*McCluskey* v. *Cromwell*, 11 N. Y. 593; *Sprague* v. *Birdsell*, 2 Cow. 419; 4 Mass. 145, 473.) If the terms in which it is couched are susceptible of two interpretations, that one ought

to be adopted which conforms most nearly to the rules of the common law and encroaches least upon the individual rights affected by it.

The propriety of the legislation in question was sought by the codifiers to be made to appear by a reference to the case of *Peck* v. *Acker* (20 Wend. 605), where it was held that an officer sued for an official act has the right to appoint his own attorney, and manage the defense, notwithstanding he has been fully indemnified by the party whose process he was executing, and such party desires to conduct the defense. When it is considered that such party can easily attain the same advantage in all cases where it is proper that he should be exclusively authorized to defend, by inserting a condition to that effect in his bond of indemnity, the reason hardly seems sufficient to justify so radical an encroachment upon the rights of a party whose property has been unlawfully seized. (*Preston* v. *Yates*, 17 Hun, 92.)

The act is one of doubtful propriety, and the cases must be rare, when any useful purpose can be served by depriving a party of his lawful remedy against the individual who injured him, and compelling him to litigate his demands with persons who were not apparently participants in the wrong out of which the action arose, and as to whose liabilities and their extent many embarrassing questions may arise.

A wide latitude is conferred by the law upon the court in granting or refusing the substitutions provided for by the act, and many cases must arise where, in the exercise of a sound discretion, an order of substitution should be refused.

We think the case in hand is one of that character. In a case where the property taken consists of numerous articles of large value, and has been seized upon separate and distinct levies, under numerous processes, at different times, as to some of which indemnity has been given and others not, and where the indemnity refers to different seizures, and the penalties of the respective bonds vary largely in amount, and some indemnitors apply for substitution and others do not, it seems to us

that the invitation to exercise the power granted to the court under the act, in the exercise of a sound discretion, might well have been declined.

We have, however, nothing to do with any discretionary exercise of power by the court below in granting or refusing the relief applied for. It is only where it has made an order clearly beyond the jurisdiction conferred upon it by the act that we are entitled to review its action, and question the grounds of its proceedings.

The letter of section 1421 would seem to contemplate a seizure by the officer of property under a single execution or attachment, and the substitution of indemnitors liable upon a single bond, where the liability of the obligors is necessarily co-extensive with that of the officer whose position as defendant they seek to occupy. In such a case the rights and remedies of the party claiming the ownership of the property would be but little interfered with, by allowing a substitution, and we have held that the legislature in such case might constitutionally restrict the remedy of a party, to the indemnitors of the sheriff, who were the real authors of the alleged wrong.

In this case, however, the applicants seek to go still further and substitute numerous indemnitors liable for distinct and separate levies, and who have not, perhaps, indemnified the sheriff at all for the original seizure of the property upon which he became liable to the plaintiff. Not only this, but the order of the court below makes each applicant a joint defendant with numerous other applicants applying by other attorneys and in separate proceedings, although the individual consents of each of the several indemnitors, appearing in the record authorize only an order making the applicant alone a party defendant in the action.

The plain reading of the act makes the authority of the court to order such a substitution depend upon the written consent, duly authenticated, of the party applying, and it is quite obvious that the court has no right to make him liable in any other form, or subject to any other conditions than those expressed or implied in his consent.

Without, however, determining the questions referred to, we think a fatal ground of objection to the order exists in the omission of the moving papers to show that the applicants became indemnitors to the sheriff before the commencement of this action. Neither the summons, complaint or answer appear in the record, and the motion purports to be made alone upon four certain affidavits and the respective consents of the several indemnitors applying to be substituted as defendants. These affidavits purport to be made by the several attorneys of the various applicants, and contain all of the proof upon which the motion is founded.

Although it appears from them that the seizure of the property sued for was made by the sheriff on the 4th day of January, 1884, and the various indemnity bonds were all executed between the 9th day of January and the 13th day of February thereafter, it does not appear when the plaintiff's action was commenced, or that the bonds were executed prior thereto. For aught that appears in this case the action might have been commenced before any of the bonds were executed or delivered. It is expressly made by the act one of the conditions of the application that the persons applying became indemnitors before the commencement of the action. This fact should appear affirmatively in the moving papers. Not appearing in this case the court below was not authorized to grant the order appealed from.

The orders of the General and Special Terms should be reversed and the motion denied, with costs in all the courts.

All concur.

Ordered accordingly.