Patterson, J.
The sections of the Code of Civil Procedure* which authorize the substitution of indemnitors- as defendants in place of the sheriff are innovations in the law, and so seriously modify the ordinary common law rule of liability as to require a very clear case to be made out before the court would direct such substitution. I am not prepared to say that the case of Hayes v. Davidson (98 N. Y. 19†), is clearly in point as an authority against the granting of this motion ; but the general tenor of the opinion of Buger, C. J., in that case, is adverse to the granting of motions of this character. The trespasser is the person liable, and direct recourse as against him should be the ordinary remedy. It is very well said by the court of appeals that “ the act is *451 one of doubtful propriety, and the cases must be rare when any useful purpose can be served by depriving a party of his lawful remedy against the individual who injured him, and compelling him to litigate his demands with persons who were not apparently participants in the wrong out of which the action arose, and as to whose liabilities and their extent many embarassiug questions may arise.”
The complaint in this action is in trover against the sheriff. It was from his act that the plaintiff suffered injury and damage, and not from the immediate act of the indemnitors, although they may have set him in motion, and are therefore responsible with him ; but I think the strict legal rule of liability should be preserved, and in the exercise of that discretion which is allowed to the courts in like cases, I think it proper to deny this motion.
No costs are allowed.

 §§ 1421-1427.

 Reversing 34 Hun, 243.