JAKOBI et al. v. GORMAN, Sheriff.

(City Court of New York, General Term. Nov. 25, 1892.)

1. ACTION AGAINST SHERIFF—SUBSTITUTION OF INDEMNITORS.

Code Civil Proc. § 1421, provides that where an action is brought against an officer to recover a chattel levied upon, or for damages for a levy or detention of property, where the officer is protected by a bond of indemnity, the indemnitors may apply to the court to be substituted as defendants in place of the officer. *Held*, in an action against a sheriff where he allowed a default judgment to be entered, and the indemnitors did not know of his failure to answer or of the entry of judgment until the evening before their application for substitution was made, and the court found the indemnitors not guilty of laches, that an order opening the default and allowing a substitution would not be disturbed. Newburger, J., dissenting, on the ground that the indemnitors could not be substituted as defendants while the judgment was in force.

2. SAME—APPLICATION TO OPEN DEFAULT.

Such indemnitors being in fact principals, the application to open the default and for substitution was properly made by them.

Appeal from special term.

Action by Leo C. Jakobi and John Glendenning against John J. Gorman, as sheriff. From an order opening a default judgment against defendant, and allowing the sheriff's indemnitors to be substituted as defendants, plaintiff appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

Gruber & Landon, for appellants.

John E. Brodskey, for respondent.

FITZSIMONS, J. This is an appeal from an order granted under sections 1421–1423[1] of the Code of Civil Procedure, substituting as parties defendant the indemnitors in the place of the sheriff. A judgment

---

[1] Code Civil Proc. § 1421: "Where an action to recover a chattel hereafter levied upon by virtue of an execution or a warrant of attachment, or to recover damages by reason of a levy upon, detention, or sale of personal property, hereafter made, by virtue of an execution or a warrant of attachment, is brought against an officer, or against a person who acted by his command or in his aid, if a bond or written undertaking, indemnifying the officer against the levy or other act, was given in behalf of the judgment creditor or the plaintiff in the warrant before the action was commenced, the person or persons who gave it, or the survivors, if one or more are dead, may apply to the court for an order to substitute the applicants as defendants in the action, in place of the officer, or of the person so acting by his command or in his aid."

herein was entered against the sheriff, and the application of the indemnitors to be substituted as parties defendant was not made until after the entry of the judgment against the sheriff.   The affidavit upon which the order of substitution was granted shows that the sheriff failed to answer, and that judgment was granted by default; that the indemnitors did not know of such failure to answer or entry of judgment until the evening before the application for substitution was made.   The order made was a stringent one against the indemnitors.   It required the giving of an undertaking for the payment of the judgment obtained ($993.95) in the sum of $1,500, with two sureties;. that the judgment obtained against the sheriff stand as security for the plaintiff's claim and the payment of $30, costs.   The appeal is based upon three points:

1. That the indemnitors were guilty of laches in making their motion for substitution.   In answer thereto, we think the special term justice found otherwise, and we should not disturb his finding.   We have examined the record, and think he did right in declaring that the indemnitors were diligent in making their motion.

2. That the motion could not be made after the entry of judgment against the sheriff.   We find nothing in the sections under which the motion was made which limits the time of the making of the same. We think that in each case the facts, circumstances, and equities are so varying that the sound discretion of the justice before whom such a motion is made must control the granting of denial of such an order.

3. That the proper party to move to open the default is the present defendant, the sheriff.   The real judgment debtors herein are the indemnitors.   They are required by their bond to the sheriff to pay any judgment obtained against him in this action; therefore they are really the principals.   We do not deem any elaboration of this statement necessary, in view of the decision in Dyett v. Hyman, 129 N. Y. 351, 29 N. E. Rep. 261, in which Ruger, C. J., says:

"The execution of a bond to the sheriff indemnifying him against damages resulting from an unlawful levy and sale of property made by him presumptively establishes the liability of the obligors as principals for the original trespass committed by the sheriff.   Thus, those connected with the original wrong are jointly and severally liable with the sheriff.   The provisions of the Code (sections 1421–1423) giving the indemnitors the right to be substituted in such an action as defendants in place of the sheriff do not have the effect to limit the liability of the indemnitors to the amount they would be liable in action by the sheriff upon their bond, and in no way affect or vary the rights of the injured party."

Thus it will be seen that the court of appeals declared the indemnitors to be principals, and they are, as before stated, really the judgment debtors herein.   We therefore think that, as a matter of law and equity, it was only doing justice to them to permit them to appear and answer herein, as the matter of the vacation of judgments rests in the sound discretion of the justice granting the same.   We think we should not interfere in this instance; for, upon considering all the circumstances, and after reading the proposed answer of the indemnitors, we find that justice was done.   The order must be affirmed, with costs.

EHRLICH, C. J., concurs.

NEWBURGER, J., (dissenting.)    This is an appeal from an order substituting indemnitors as parties defendant in the place of the sheriff. It appears that judgment had been entered herein in favor of the plaintiffs, and against the defendant, before the order of substitution was made.    As the statute under which this proceeding is instituted is clearly in derogation of the common law and common right, it must be strictly construed.    Hayes v. Davidson, 98 N. Y. 19.    The plaintiffs having prosecuted their action to judgment, the indemnitors cannot be substituted while such judgment is in force.    The order appealed from must be reversed, and the motion to substitute indemnitors denied, with costs.