### JAKOBI et al. v. GORMAN, Sheriff.

(Common Pleas of New York City and County, General Term. January 16, 1893.)

1. JUDGMENT BY DEFAULT—OPENING.

Where a sheriff, indemnified as to property levied on, makes willful default in replevin, so that judgment is taken against him, the default should, on motion of the indemnitors, be set aside, and they be allowed to come in and defend. 21 N. Y. Supp. 466, affirmed.

2. REPLEVIN AGAINST SHERIFF—RIGHTS OF INDEMNITORS.

The indemnitors, as the real parties in interest, have the right, after having been let in, to control the action, regardless of the fact that the sheriff had previously controlled.

Appeal from city court, general term.

Action of replevin by Leo C. Jakobi and another against John J. Gorman, sheriff, to recover property levied on by defendant. The property was claimed by one Scheick and others, who moved to be substituted as defendants. Order of the general term of the city court, (21 N. Y. Supp. 466,) affirming an order at special term allowing the substitution. Plaintiffs appeal. Affirmed.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

Abraham Gruber, for appellants.
John E. Brodsky, for respondent.

PRYOR, J. Upon a judgment in an action by Scheick against Schmidt, Gorman, as sheriff, levied on property in the possession of Schmidt. The plaintiffs herein made claim to the property, and brought replevin for its recovery; and thereupon Scheick, Offerman,

and Selje executed a bond of indemnity to the sheriff. The motion is by these indemnitors to be substituted as defendants in place of Gorman, the sheriff. An order of substitution at special term was affirmed by the general term of the city court, and from that order of affirmance an appeal is taken to us. The order of substitution was entered the 20th September, 1892. But the indemnitors had noticed and withdrawn a previous application for substitution, namely, on the 12th October, 1891. It further appears by the record that on the 17th June, 1892, before any application for substitution, judgment by default had gone against the sheriff, defendant, and execution thereon issued; that the indemnitors had no knowledge of the default, judgment, or execution until late in the evening, "when they were notified by mail that judgment had been entered, and that, unless the same was adjusted, the sheriff would pay the same on the 17th." No explanation is given of the withdrawal of the 12th October motion for substitution, but the obvious inference is that it was because of the indemnitors' reliance upon the good faith and diligence of the sheriff in defending the action. Now that their confidence is disappointed, they seek an opportunity of protecting their rights. Being amply indemnified, the sheriff is in no peril from the action; and the entire loss, if any there be, must be borne by the indemnitors. Their answer discloses a valid defense, and in common justice they should have their day in court to make good that defense, especially since no question is made as to their sufficiency to respond in damages to the plaintiffs. Upon the facts before us we are unable to say that in granting the order of substitution the court below failed to exercise a fair discretion. Hayes v. Davidson, 98 N. Y. 22. An order of the city court opening a default is not appealable to us. Keller v. Feldmann, 21 N. Y. Supp. 581, (just decided.) But appellants urge that the default of the sheriff was unexcused and inexcusable, and this very fact, namely, that the default was willful, appears to us as sufficient reason for permitting the parties who were not responsible for it, and who alone are afflicted by its consequences, to come in and make defense.

Again, the appellants contend that in opening the default the court below committed legal error in this: that the sheriff, then the only defendant, as dominus litus, alone had the carriage of the litigation, and that the indemnitors, strangers to the action, had no right to control its conduct. The answer is that the indemnitors were the parties really interested in the defense; that the law allows them to intervene for the protection of their rights; and that the same order which opened the default admitted them as parties to the action.

Order affirmed, with costs. All concur.