the default of December 23d; and it is from a denial of this last motion that this appeal is taken.

We have thus gone over the successive steps taken in the two actions because they render further comment unnecessary. The same attorney who, as said, was the principal debtor, appeared throughout, and is entitled to the credit of having successfully held off this plaintiff for two years in a simple action that could be tried in an hour, even if we assume that the transactions between Andrew K. Smith and Taylor were available in this action between these parties. Having been beaten in the Smith equity suit, he can, as was therein suggested, if unsuccessful on his appeal, obtain an adequate remedy at law. But whether he can or not, he has exhausted his remedies in this action, and we think that the discretion was wisely exercised by the judge at special term in denying the motion to open the last default, and that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

### COHEN v. GORMAN, Sheriff.

(Superior Court of New York City, General Term.    October 24, 1893.)

OPENING DEFAULT—SUBSTITUTING INDEMNITORS.

> A motion by the sureties in an indemnity bond given to the sheriff to set aside a judgment rendered against the sheriff by default, and to permit them to come in and defend, is properly denied where it appears that the action against the sheriff was pending about eight months before judgment was rendered, that the judgment was paid and satisfied of record before the motion was made, and there is no proof of collusion and no disclosure as to the proposed defense. Jakobi v. Gorman, (Com. Pl. N. Y.) 21 N. Y. Supp. 762, distinguished.

Appeal from special term.

Action by Sarah Cohen against John J. Gorman, as sheriff, etc. From an order denying a motion by defendant's indemnitors to open a default against defendant and to substitute them as defendants, said indemnitors appeal. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Goldsmith & Doherty, for appellants.
W. E. Stillings, for appellee.

FREEDMAN, J. This is an appeal from an order denying a motion made by Callman, Rouse, and Samuel Barnett, sureties on an indemnity bond given to the defendant as sheriff, to set aside a judgment taken against defendant by default, and to substitute the appellants as defendants, and to permit them to come in and defend. The action was commenced in October, 1891, and resulted in a judgment against the defendant in June, 1892. The judgment was paid by the defendant and satisfied by the plaintiff of record before the appellants gave notice of motion to be substituted. In view of these facts, and there being no proof

of collusion, and no disclosure of the nature of the proposed defense, the motion was properly denied. Jakobi v. Gorman, (Com. Pl. N. Y.) 21 N. Y. Supp. 762, is clearly distinguishable. The order should be affirmed, with $10 costs and disbursements.