(7 Misc. Rep. 45.)

CLEMMONS v. GORMAN.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

SUBSTITUTION OF INDEMNITORS—WHEN DENIED.

The sureties on a bond given by a sheriff to reclaim goods which had been taken from him under a writ of replevin are not entitled to have a judgment by default against the sheriff opened, and to be substituted as defendants in his place, where such judgment was satisfied by the sheriff before any steps were taken by the sureties to be substituted.

Appeal from city court, general term.

Replevin by William Francis Clemmons against John J. Gorman, sheriff. From an order affirming an order denying a motion made by Callman Rouse and Samuel Barnett to open a judgment entered against defendant by default and to substitute them as defendants in the action, said Rouse and Barnett appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Goldsmith & Doherty, for appellants.
Abraham Gruber, for respondent Clemmons.
W. E. Stillings, for respondent Gorman.

BOOKSTAVER, J. This action in replevin was brought in the city court of New York to recover certain chattels which were in the possession of the defendant, as sheriff, under and by virtue of

certain executions issued to him against the property of one Copple Levy. A writ of replevin was issued by the plaintiff to the coroners of the city and county of New York, who took certain chattels thereunder. Thereafter, and before the chattels replevied on said writ were delivered to the plaintiff, Callman Rouse and Samuel Barnett, the appellants herein, executed an undertaking which was given to the plaintiff by defendant to reclaim the chattels so taken. The undertaking was approved, and the coroners thereupon redelivered the property to the defendant, who thereafter sold it under and by virtue of the executions issued to him. The action was regularly placed on the calendar of the city court, and thereafter a judgment by default was entered in the office of the clerk of the city court for the sum of $804.21, a transcript whereof was duly filed in the office of the clerk of the city and county of New York on the same day; and the day following an execution upon that judgment was issued against the property of the defendant to the coroners of the city and county of New York. Seventy-two days after this execution was issued, the sheriff paid the amount of the judgment. The appellants contend that they never had any notice of the entry of that judgment. The next day after the execution was paid, the appellants procured and served an order to show cause why they should not be substituted as defendants in the place and stead of the defendant, and why the default before mentioned should not be opened, and the judgment vacated and set aside, and the indemnitors or sureties allowed to come in and defend the action. This motion was duly heard at a special term of the city court, and was denied. An appeal was taken from the special to the general term of that court, which affirmed the order, and from the order entered on that affirmance this appeal was taken.

It may be, as appellants contend, that the motion to be substituted as defendants in the place of the sheriff was a matter of strict right. Code Civil Proc. § 1421; Hayes v. Davidson, 98 N. Y. 19. But they could not be so substituted until the default had been opened. Now, the opening of the default was a matter of discretion in the court below, which the general term of that court might review, if improperly exercised, but this court cannot. Walsh v. Schulz, 67 How. Pr. 186, 12 Daly, 103, 109; Stringfield v. Fields, 13 Daly, 171; Robinson v. Cornish, (Com. Pl. N. Y.) 12 N. Y. Supp. 929; Keller v. Feldmann, (Com. Pl. N. Y.) 21 N. Y. Supp. 581; Lawrence v. Farley, 73 N. Y. 189. It is quite true that in Jakobi v. Gorman, (Com. Pl. N. Y.) 21 N. Y. Supp. 762, we affirmed an order of the city court opening the default and substituting the indemnitors. But in that case we pointed out that an order of the city court opening a default was not appealable to us, as it rested in discretion. Besides, in that case there was a judgment remaining of record, unpaid and unsatisfied. In this case it appears without contradiction that the judgment was paid and satisfied before any steps were taken by the sureties to be substituted. The payment of the judgment extinguishes the action. 12 Amer. & Eng. Enc. Law, p. 150a. And if the judgment is extinguished it follows that the action which terminates in the judgment is also extinguished. No

greater right is allowed to indemnitors by section 1421 of the Code than to be substituted as defendants in an action. They made no attempt to be substituted until the real defendant had paid the judgment, and by such payment extinguished the action, and wiped out of existence any right which the indemnitors might before have had, especially as there is no evidence whatever of any fraud or collusion upon the part of the defendant in making the payment. A similar conclusion was reached, on like facts, in Cohen v. Gorman, (Super. N. Y.) 25 N. Y. Supp. 460. If the indemnitors have any grievance against the sheriff, they will be afforded adequate relief when he seeks to enforce against them the bond of indemnity given by them, if he acted negligently or fraudulently in the matter, and if he allowed the case to go by default without notice to the indemnitors, provided they had stipulated for such notice in their bond. Surely, the plaintiffs should not be required to redeliver the money paid to them under the execution in order to relieve the indemnitors for any neglect either on their part or that of the sheriff defendant. The order appealed from should therefore be affirmed, with costs. All concur.