(11 Misc. Rep. 446.)

HART et al. v. SEXTON, Sheriff.

(City Court of New York, General Term.   February 11, 1895.)

INDEMNIFYING BOND—ACTION ON—SUBSTITUTION OF INDEMNITORS.

A bond given by plaintiff in replevin by which the obligors agree to save the obligee harmless from damages by reason of a levy made by him as sheriff is within Code Civ. Proc. § 1421, which provides that, where an action to recover a chattel taken under execution is brought against an officer, if an indemnifying bond is given to the officer, the obligors therein may be substituted as defendants in the action in place of the officer.

Appeal from special term.

Action by William W. Hart and another against John B. Sexton, as sheriff. From an order granting a motion to substitute defendant's indemnitors as defendants in the action, plaintiffs appeal. Affirmed.

Argued before EHRLICH, C. J., and NEWBURGER and FITZSIMONS, JJ.

Arthur Furber, for appellants.

Kohn, Ruck & Lippman, for respondent.

FITZSIMONS, J. The defendant, as sheriff, by virtue of two judgments in favor of the State Bank and a certain other judgment in favor of Edgar Lehman, levied upon certain property of Israel Pike and Clara Schulhoff, who were the defendants in said three actions. While in possession of said property, the plaintiffs herein commenced this (replevin) action against the defendant, claiming a part of the goods levied upon by defendants. Subsequently one Arnold Kohn and said Edgar Lehman executed and delivered to the sheriff a bond or undertaking, by which they agreed to save and hold him harmless from all damages, costs, and claims of any kind by reason of the levy made by him as above described. Said Kohn and Lehman applied to have themselves substituted as defendants herein in place of the present defendant (Sexton, sheriff), and an order to that effect was entered. This appeal is from said order, the plaintiffs contending that the undertaking provided by Kohn and Lehman was not within the provision of section 1421 of the Code of Civil Procedure.

The section referred to provides as follows, as applied to this case.

"Sec. 1421. Where an action to recover a chattel or chattels hereafter levied upon by virtue of an execution, * * * is brought against an officer, * * * if a bond or written undertaking indemnifying the officer against the levy or other act or acts, has been given in behalf of the several judgment creditors, * * * before or after the commencement of the action, the persons who gave it to them * * * may apply for an order to substitute the several applicants as defendants in the action in place of the officer; and the court shall upon the application of the officer, grant an order substituting the indemnitors as defendants in the action in place of the officer."

It seems to me that no argument is necessary to prove that the section just referred to was enacted to meet and provide for cases precisely like this one; the mere statement of the facts as above relat-

ed is all that is needed. The undertaking in question undoubtedly is authorized by and falls within the section mentioned (1421), and the order appealed from was properly made, and is affirmed, with costs. All concur.