(25 Civ. Proc. R. 283; 16 Misc. Rep. 670.)

### CORN v. TAMSEN.

(Supreme Court, Special Term, New York County. February 5, 1896.)

INDEMNITY—SUBSTITUTION OF INDEMNITOR—SEVERAL LEVIES.

Under Code Civ. Proc. § 1424, as amended in 1887, so as to allow an order substituting the indemnitors as defendants in an action against an officer who had made several wrongful levies on plaintiff's goods a motion by the officer who made the levy to substitute his indemnitors as defendants will not be granted where only the first levy was made on the goods, and the other levies were made on the proceeds of the goods in excess of the first levy, except as to the indemnitors on the first levy, as the substitution of all the indemnitors would render each one of them liable for the whole amount of the judgment that plaintiff might recover.

Action by Annie Corn against E. J. H. Tamsen, as sheriff of New York county, to recover damages for alleged wrongful levies on plaintiff's goods. Defendant moves to have the indemnitors on bonds given to him substituted as defendants in his place. Granted in part.

Henry Gottgetreu, for plaintiff.
Charles F. MacLean, for defendant.
Samuel Fleischman, for indemnitors.

TRUAX, J. This is a motion made by the defendant to have the indemnitors on certain bonds given to the sheriff upon a levy upon property substituted as defendants in the place of the sheriff. The motion is opposed by the plaintiff and the indemnitors, and they re-
v.39 N.Y.s.no.1—9

fer me to the case of Hayes v. Davidson, 98 N. Y. 19, as an authority for the contention that the indemnitors should not be substituted. Section 1421 of the Code was amended after the decision of the court of appeals in Hayes v. Davidson so as to meet the suggestion made by the court in that case. That section of the Code read as follows at the time of the decision of Hayes v. Davidson:

"1421. Where an action to recover a chattel, hereafter levied upon by virtue of an execution, or a warrant of attachment, or to recover damages by reason of a levy upon, detention or sale of personal property, hereafter made, by virtue of an execution, or a warrant of attachment, is brought against an officer, or against a person who acted by his command, or in his aid, if a bond or written undertaking, indemnifying the officer against the levy or other act, was given, in behalf of the judgment creditor, or the plaintiff in the warrant, before the action was commenced, the persons or person who gave it, or the survivors, if one or more are dead, may apply to the court for an order to substitute the applicants, as defendants in the action, in place of the officer, or of the person so acting by his command, or in his aid."

It now reads as follows, and I have noted the difference between the two sections in italics:

"1421. (Am'd, 1887.) Where an action to recover a chattel, *or chattels*, hereafter levied upon by virtue of an execution *or several executions*, or a warrant of attachment, *or several warrants of attachment*, or to recover damages by reason of a levy *or levies*, upon detention, sale *or sales* of personal property hereafter made, by virtue of an execution *or several executions*, or a warrant of attachment *or several warrants of attachment* is brought against an officer, or against a person who acted by his command or in his aid, if a bond *or bonds* or written undertaking *or undertakings* indemnifying the officer against the levy *or levies*, or other act *or acts*, has been given in behalf of the judgment creditor *or the several judgment creditors*, or the plaintiff in the warrant *or the plaintiffs in the several warrants*, either before *or after* the commencement of the action, the persons or person *or the several persons* who gave it to them, or the survivors, if one or more are dead, may apply to the court for an order to substitute the applicant *or several applicants* as defendants in the action in place of the officer or of the person so acting by his command or in his aid; *and the court shall, upon application of the officer, or in case of his death, upon the application of his legal representatives, grant an order substituting the indemnitors as defendants in the action in place of the officer or of the persons so acting by his command or in his aid."*

This amendment allows the court to make an order of substitution in cases where successive levies have been made. Under section 1424, if the indemnity given relates to a part only of the property, the court may, in a proper case, direct that the action be divided into two actions; that the indemnitors be substituted as defendants in one, without affecting the other, and that the controversy in each action be limited to that part of the property in respect of which it is to be continued. As near as I can make out from the papers, the first levy was made under the Claflin Company executions, and the other levies were not in fact made on the property, but were, rather, levies on the proceeds of the property in excess of the Claflin judgments, if there were any such proceeds. I think, under the decision of Carter v. Bowe, 47 Hun, 628, that this motion should not be granted against any of the indemnitors except the indemnitors given on behalf of the Claflin executions. The general term of this department held, in the case last above cited, that no substitution can be made where there have been several successive seizures, and there are

no facts which indicate with reasonable certainty the property seized under the process for which the petitioner became a party to the bond of indemnity. It is true that the application in that case was made by the indemnitor; but I cannot see that that fact makes any difference in law. If the motion were granted in this case, each of the defendant indemnitors would be liable for the whole amount of the judgment, if any should be recovered against them, whereas they did not indemnify for the taking of all of the property the taking of which constitutes the plaintiff's cause of action.

Motion is granted as to the indemnitors on the Claflin executions, with $50 costs to the sheriff's attorney, and denied as to the others, without costs. Let an order be entered on notice.