ULLMAN et al. v. GORMAN.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

1. INDEMNITY—ACTION AGAINST SHERIFF—SUBSTITUTION OF PARTIES.
The court has no discretion to deny a motion by a sheriff or his personal representative, under Code Civ. Proc. § 1421, to substitute indemnitors as defendants in his place, but its discretion is limited solely to the imposition, under Id. § 1423, of such terms as would protect the original parties.

2. APPEAL—POWER OF COURT.
If, upon an appeal from an order denying a motion by a sheriff or his personal representative, under Code Civ. Proc. § 1421, to substitute indemnitors as defendants, no reason appears to require the imposition of any terms under Id. § 1423, the appellate court, in reversing the order appealed from, may grant the motion for substitution.

Appeal from trial term.

Action by Louis Ullman and others against Amelia Gorman, executrix of John J. Gorman, former sheriff, and others. From an order denying a motion to substitute the sheriff's indemnitors in the action, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and INGRAHAM, JJ.

A. C. Shenstone, for appellant.
A. Blumenstiel, for respondents.

RUMSEY, J. This is a motion by the executrix of John J. Gorman, formerly sheriff of the county of New York, to substitute his indemnitors as defendants in her place in an action originally brought against the sheriff for damages for the conversion of property taken by him under an execution. The action was brought in December, 1893, and no steps appear to have been taken in it until the death of the sheriff. After that, the present defendant was substituted as defendant in the action in his place, and thereupon, in May, 1897, she made this motion to substitute the indemnitors. Upon the hearing

of the motion the plaintiff in the action did not appear. The only persons who did appear were the counsel for some defendants other than the sheriff's representative and the counsel for the indemnitors, so that it would seem that the plaintiff would have no objection to the granting of the motion. There is no dispute as to the giving of the indemnity, and consequently no question upon this motion that, if the property taken by the sheriff was the property of the plaintiff, and taken in violation of his rights, the sheriff would have been entitled to be indemnified for his costs and damages by the persons who were sought to be made defendants in this action. If the sheriff should give to them, before the trial of the action, notice of its pendency, and call upon them to defend it, a judgment in the action, if it went against the sheriff, would be conclusive against these indemnitors. That liability would continue until the statute of limitations had run against an action upon the undertaking which they have. That being the case, it is not apparent how any delay of the sheriff in moving to substitute them as defendants in the action could affect their rights. If they were made defendants in this action and were defeated, they would be compelled to pay the judgment for damages and costs which was recovered, and that would be the end of it. If they were not made defendants, and they had notice of this action, and the sheriff should be defeated in it, just as soon as the present defendant paid the judgment she would have her remedy over against the indemnitors, whose only defense would be that the bond of indemnity did not cover that particular case. That defense, however, they can assert as successfully against this plaintiff as they could against the sheriff. The court, as we have held at this term (Rosenblum v. Gorman, 47 N. Y. Supp. 754), had no discretion to deny the motion on account of laches in making it, its discretion being limited solely to the imposition of such terms as would protect the original parties. We see no reason upon this motion to require the imposition of any terms. The indemnitors are certainly in no worse condition, if they should be substituted as defendants here, than they would be if the claim against them should be delayed until after a recovery against the sheriff.

For these reasons, it was error to deny this motion, and the order denying it should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

WILLIAMS and INGRAHAM, JJ., concur. VAN BRUNT, P. J., concurs in result.