## ROSENBLUM v. GORMAN.

(Supreme Court, Appellate Division, First Department.   November 12, 1897.)

1. INDEMNITY—ACTION AGAINST SHERIFF—SUBSTITUTION OF PARTIES.
   In an action against an officer for damages by reason of a levy under an
   execution, the court has no discretion to deny, even upon the ground of
   laches, an application by the officer, or his personal representative, under
   Code Civ. Proc. § 1421, as amended in 1887, to substitute as defendants
   in his place the indemnitors upon a bond given to indemnify him against
   such levy.

2. SAME—IMPOSING TERMS.
   In granting a motion to substitute indemnitors as defendants in the place
   of a sheriff, under Code Civ. Proc. § 1421, the court has the right, under
   Id. § 1423, to impose such terms for the security of the original parties as
   justice requires, and this discretion the court should exercise if a case is
   made for it.

3. APPEAL—REMAND ON REVERSAL.
   Where an application by the personal representative of a sheriff, under
   Code Civ. Proc. § 1421, to substitute indemnitors in his place as defendants,
   has been denied by the court below, which has, in consequence, failed to ex-
   ercise its discretion upon the question of imposing terms under Id. § 1423,
   the appellate court may, in reversing the order, remit the whole matter to
   the special term for the exercise of such discretion.

4. STATUTES—CONSTRUCTION.
   The word "shall" in statutes imposing a duty upon a public officer is
   ordinarily mandatory, and not directory.
   Van Brunt, P. J., dissenting.

Appeal from special term.

Action by Louis Rosenblum against Amelia Gorman, as executrix
of John J. Gorman, deceased, former sheriff.   From an order deny-
ing a motion to substitute the sheriff's indemnitors, defendant ap-
peals.   Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS,
and INGRAHAM, JJ.

Archibald C. Shenstone, for appellant.
Max Altmeyer, for respondent.

RUMSEY, J.   In the month of November, 1893, John J. Gorman,
being then sheriff of New York, made a levy under an execution upon
certain property which was claimed by other persons than the judg-
ment debtors, and upon his demand the plaintiff in that execution
procured to be executed and delivered to the sheriff a bond of in-
demnity by one Celia Rubenstein and William Winneis, indemnify-
ing the sheriff against costs or damages which he might sustain by
reason of the levy and sale of the property levied upon.   After that
undertaking was delivered, the sheriff proceeded to sell upon the exe-
cution, and thereupon the plaintiff in this action sued the sheriff for
damages for the wrongful taking of the property.   The case was put
at issue, but nothing seems to have been done in regard to it until
the 21st day of May, 1895, when the sheriff died, and the present de-
fendant, as his executrix, was substituted as defendant in the action.
After that had been done, the action remained in the same condition
until the month of March, 1897, when this motion was made that the

indemnitors should be substituted as defendants in the place of the sheriff's executrix. The indemnitors appeared upon the motion by counsel, as did the plaintiff, and, after a hearing, the order was denied on the ground that the defendant had been guilty of gross laches in not sooner making the application to substitute the indemnitors as defendants therein; the ground of denial being stated in the order. The motion is made pursuant to the provisions of section 1421 of the Code of Civil Procedure, which has been declared to be a constitutional exercise of the power of the legislature. The question presented is whether, in the present condition of the law, the court has discretion to deny the motion where the facts required by the statute are made to appear, or whether the discretion of the court is limited to imposing terms upon granting the motion in a case where the imposition of terms seems to be necessary to obtain justice between the parties. An examination of the statute, giving attention to the time of making amendments to it, will easily enable us to answer that question. The section in question is section 1421 of the Code of Civil Procedure. As originally passed, it provided that, where indemnity had been given to the sheriff in a case like this, and an action had been brought against him, the indemnitors "may apply to the court for an order to substitute the applicant or applicants as defendants in the action, in place of the officer or of the person so acting by his command, or in his aid." The statute remained in that condition for many years, and while it is so provided the courts held that the granting of such an application was discretionary with the court. This construction of the statute was finally affirmed by the court of appeals in the case of Hayes v. Davidson, 98 N. Y. 19, which was decided in the early part of the year 1887. Almost immediately after that decision had been made public, the statute was amended by adding to it the following words: "And the court shall, upon application of the officer or in case of his death, upon application of his legal representatives, grant an order substituting the indemnitors as defendants in the action in place of the officer or of the person acting by his command or in his aid." Before that time, it will be noticed, there was no provision in the statute for the granting of the substitution upon the motion of the sheriff, and that provision only came to exist by the amendment in 1887. In passing that amendment, the legislature used the word "shall." That word, in statutes imposing a duty upon a public officer, is mandatory, and not directory; and, in view of the fact that it was put into this statute almost immediately after the court had declared that it was discretionary in the courts whether to grant the motion or not, it is quite suggestive that the word was intended to have its usual meaning in such cases. There is nothing in the statute or in the connection in which this word is used to deprive it of its usual and ordinary meaning. The court therefore erred in holding that it had any discretion to deny this motion for the laches of the sheriff's representative in making it. But it does not follow, although the court is required to grant the order, that it is not in a position to protect the plaintiff in the action where, for any reason, a suit against the indemnitors would not be likely to afford him sufficient protection. Section 1423

of the Code expressly gives to the court the right to impose such terms for the security of either of the original parties as justice requires. Pursuant to the provisions of that section, it was in the power of the court, upon the hearing of the application, to impose such terms as would insure the protection of the plaintiff, and enable him to obtain his damages and costs in case he was finally successful in the action. This discretion the court should have exercised if a case had been made for it. Whether it was made or not is not necessary for us to decide. The proper determination of the motion requires us to reverse this order, and to remit the whole matter to the special term, that it may consider whether justice between the parties requires that any terms should be imposed as a condition of granting the order, and to fix such terms as, in its judgment, are proper.

Order reversed, with $10 costs and disbursements to the appellant.

WILLIAMS and INGRAHAM, JJ., concur. VAN BRUNT, P. J., dissents.