**2. Patents — License fees must be paid by licensors who use a patent.**
Licensors cannot use a patent and refuse to pay the license fees
provided for by the contract of license.

APPEAL from a judgment in favor of plaintiff.

Daniel P. Hays, for appellants.

Joseph Kohler, for respondent.

O'DWYER, J. Assuming that "Lissauer and Sondheim" were
necessary parties that fact appeared upon the face of the complaint,
and the objection should have been taken by demurrer. Not hav-
ing been so taken it was waived. Code Civ. Pro., § 488, subd. 5,
and § 499; Fourth Nat. Bank v. Scott, 31 Hun, 301.

If it had been intended to restrict the licensors from manufactur-
ing under the patent, such a covenant should have been inserted in
the agreement.

Furthermore the defendants cannot use the patent and refuse to
pay the license fees provided for by the contract. McKay v.
Smith, 39 Fed. Repr. 556.

The judgment appealed from should be affirmed, with costs.

McCARTHY, J., concurs.

Judgment affirmed, with costs.

---

WILLIAM H. TERHUNE, Appellant, *v.* THOMAS J. DUNN, as Sheriff,
etc., Respondent.

(City Court of New York, General Term, May, 1898.)

**Replevin against a sheriff — Right to substitute his indemnitors
against a wrongful levy.**
The provisions of section 1421 of the Code of Civil Procedure, en-
title a sheriff, against whom an action of replevin has been brought
to recover property alleged to have been wrongfully levied upon by
him under an execution, to procure the substitution, in his place and
stead, of his indemnitors as defendants in the action.

THIS is an appeal from an order substituting the indemnitors of
the sheriff in his place as defendants herein under section 1421 of
the Code of Civil Procedure.

On or about January 3, 1898, two executions were issued against the property of Alfred Ebenstein in favor of Louis Levy, one for the sum of $127.29 and the other for $1,527.50.

The sheriff levied, under and by virtue of said executions, upon certain property, some of which was afterwards claimed by the plaintiff herein, and this action in replevin to recover possession of some of said property so levied upon was commenced.

This defendant demanded a bond as against said claim and said action and all damages for the taking of said property, and costs, counsel fees and expenses; that thereafter such bond was given in the sum of $2,000, with Sanders B. Altmayer and C. W. Levy as sureties thereon.

A copy of said bond was served upon the attorney for the claimant (the plaintiff in this action), with notice of justification thereof, and said bond was duly approved by one of the justices of this court and filed with the clerk of said court.

This action was brought to recover possession of some of the property so levied upon and claimed as aforesaid, and the value of said property is stated to be $400; that thereafter a motion was made to substitute the indemnitors Sanders B. Altmayer and C. W. Levy as defendants herein, and an order was entered substituting said indemnitors.

It is from the order substituting said indemnitors that this appeal is taken.

Franklin Bien, for appellant.

Philip J. Britt, for respondent.

*Per Curiam.* The order appealed from is affirmed, with costs. Jakobi v. Gorman, 2 Misc. Rep. 190; Hart v. Sexton, 11 id. 446; Ullman v. Gorman, 21 App. Div. 616; Rosenblum v. Gorman, 21 id. 618.

Present: FITZSIMONS, Ch. J., CONLAN and SCHUCHMAN, JJ.

Order affirmed, with costs.