But, as we have said, there is no evidence as to the efforts of Phillips· in the matter, while plaintiffs' testimony shows that Birch brought the parties together, and opened the negotiations between them, which continued without the withdrawal of either party therefrom, and which culminated in a sale. It is true that the purchase price · was less than the sum first fixed by the defendants; but it is not essential, to entitle a real-estate broker to commissions, that he should' have procured a purchaser upon the precise terms first named by the principal at the time of employment; for if, through the instrumentality of the broker, the buyer and seller meet, and negotiations are· thus opened up between them, which, continuing without withdrawal of either party therefrom, culminate in a sale, though for a less sum· than originally demanded, the broker is entitled to his commissions. See Levy v. Coogan, 16 Daly, 137, 9 N. Y. Supp. 534.

We find no exceptions to the rulings of the trial justice, or to his· refusal to charge, of sufficient importance to require discussion, while to the charge itself no exception was taken. We are of opinion that the judgment, so far as assailed on this appeal, should be· affirmed, with costs.

GIEGERICH, J., concurs.    BEEKMAN, J., not voting.

---

TERHUNE v. DUNN.

(City Court of New York, General Term.    May 27, 1898.)

ACTION AGAINST SHERIFF—SUBSTITUTION OF INDEMNITORS.
In an action of replevin brought against a sheriff to recover property levied upon by him under an execution, a motion to substitute indemnitors· will lie, under Code Civ. Proc. § 1421, although their undertaking was not given until after the action of replevin was begun.

Appeal from special term.

Action by William H. Terhune against Thomas J. Dunn, sheriff. From an order of substitution, plaintiff appeals.    Affirmed.

This is an appeal from an order substituting the indemnitors of the sheriff' in his place as defendants herein, under section 1421 of the Code of Civil. Procedure. On or about January 3, 1898, two executions were issued against the property of Alfred Ebenstein in favor of Louis Levy,—one for the sum· of $1,027.29, and the other for $1,527.50. The sheriff levied, under and by virtue of said executions, upon certain property, some of which was afterwards claimed by the plaintiff herein; and this action in replevin to recover possession of some of said property so levied upon was commenced. This· defendant demanded a bond as against said claim, and said action and all damages for the taking of said property, and costs, counsel fees, and expenses; that thereafter such bond was given in the sum of $2,000, with Sanders B. Altmayer and C. W. Levy as sureties thereon. A copy of said bond was· served upon the attorney for the claimant (the plaintiff in this action), with notice of justification thereof, and said bond was duly approved by one of the justices of this court, and filed with the clerk of said court. This action was brought to recover possession of some of the property so levied upon and claimed as aforesaid, and the value of said property is stated to be $400. Thereafter a motion was made to substitute the indemnitors, Sanders B. Altmayer and C. W. Levy, as defendants herein; and an order was entered substituting said indemnitors. It is from the order substituting said indemnitors· that this appeal is taken.

Argued before FITZSIMONS, C. J., and CONLAN and SCHUCH-MAN, JJ.

Franklin Bien, for appellant.
Philip J. Britt, for respondent.

PER CURIAM. The order appealed from is affirmed, with costs. Jakobi v. Gorman, 2 Misc. Rep. 190, 21 N. Y. Supp. 762; Hart v. Sexton, 11 Misc. Rep. 446, 32 N. Y. Supp. 222; Ullman v. Gorman, 21 App. Div. 616, 47 N. Y. Supp. 756; Rosenblum v. Gorman, 21 App. Div. 618, 47 N. Y. Supp. 754.

---

### MANHATTAN BRASS CO. v. GILLMAN.

(City Court of New York, General Term. May 27, 1898.)

APPEAL—REVIEW—DENIAL OF AMENDMENT.

     In an action upon a promissory note, in which the answer set up merely a general denial, the court sustained the plaintiff's objection to testimony on the part of the defendant to show lack of consideration, on the ground that it had not been specially pleaded. The defendant thereupon moved to amend his answer, and to withdraw a juror. *Held,* that both motions were within the sound discretion of the trial judge, and that his denial of them would not be disturbed on appeal.

Appeal from trial term.

Action by the Manhattan Brass Company against Edward R. Gillman. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed. For opinion on former appeal, see 46 N. Y. Supp. 685.

Argued before CONLAN and SCHUCHMAN, JJ.

Henry C. Bryan, for appellant.
Baggott & Ryall, for respondent.

CONLAN, J. This is an appeal from a judgment entered on the direction of a verdict in favor of the plaintiff, and from an order denying a motion made by the defendant for a new trial. The action is one brought on a promissory note, and the defense is a general denial. The plaintiff made his proof by offering the promissory note and the notice of protest in evidence. The defendant objected generally, stating no ground of his objection. This was not sufficient, and brings up nothing for review. Plaintiff then rested, and the defendant moved to dismiss the complaint, without stating any ground, or calling the court's attention to any error or omission, which motion was properly denied. Defendant's counsel then called defendant as a witness, and attempted to show that the note was without consideration. This was objected to by plaintiff's counsel at folio 37, as follows: "I object at the outset on the ground that an attempt to prove want of consideration or failure of consideration is not within the pleadings, that the defense is a general denial, and submit that the defense of want of consideration should be specifically pleaded." The objection was sustained. Defendant then moved to amend his answer and to withdraw a juror. Both motions were denied, and, as they were within the sound discretion of the trial