the approval of the board of estimate and apportionment to the payment could be obtained. That the defendant acted in good faith in its endeavor to secure such approval appears, and that it was unsuccessful likewise appears. It is true there was no express disapproval, the claim being returned evidently for further information. On ascertaining this, if the plaintiff had requested the board of education to forward the information, and that board had declined, another question would be present. Instead, however, of waiting for the board of education to act, this suit was brought, not for the amount of the award, but for the total claim for extra work. The plaintiff's release and stipulation stood in the way of such recovery. To obtain the award, the action, we think, was premature. The burden of showing his right to the payment of the amount awarded was upon the plaintiff, and, having failed to sustain it, he was properly nonsuited.

The judgment should, therefore, be affirmed, with costs. All concur.

---

(26 App. Div. 612.)

### BUCHNER et al. v. TAMSEN.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

ACTION AGAINST SHERIFF—SUBSTITUTION OF INDEMNITORS.

The statute (Code Civ. Proc. § 1421) authorizing, in an action against the sheriff, the substitution of indemnitors as defendants, does not authorize the substitution of the executor of the estate of a deceased indemnitor.

Appeal from special term, New York county.

Action by D. Buchner & Co. against Edward J. H. Tamsen, as sheriff of the city and county of New York. From an order, made on application of the sheriff, substituting one indemnitor and the executors of two deceased indemnitors, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Franklin Bion, for plaintiff.
C. L. Kingsley, for sheriff.
A. W. Venino, for indemnitor.

VAN BRUNT, P. J. On or about the 24th of December, 1896, in an action in the supreme court in which Martin H. Lehmaier and others were plaintiffs and David Buchner was defendant, a warrant of attachment against the property of said Buchner was duly issued and directed to the defendant as sheriff of the city and county of New York. By virtue of such attachment the defendant levied and attached certain goods and chattels. The plaintiffs claimed the same, and thereupon said Lehmaier caused to be made and executed an undertaking to indemnify the said sheriff for the detention thereof by Albert Sichel, Louis Ettinger, and Julius Ehrman, as sureties. This action was subsequently brought against the sheriff to recover $50,000 damages claimed to have been sustained by the plaintiff by reason of the alleged detention of the property levied upon as aforesaid. The sureties Sichel and Ehrman having died, the only surviving indemnitor was Louis Ettinger. The defendant,

the sheriff, in December, 1897, made a motion to substitute the surviving indemnitor and the executors of the estates of the two deceased indemnitors, which motion was granted, and an order entered thereupon. Subsequently this order was resettled, and from the resettled order, and from an order refusing further resettlement, this appeal is taken.

It seems only to be necessary to consider one proposition. The statute substituting indemnitors is in derogation of the common law, and, as was said in Hayes v. Davidson, 98 N. Y. 22, "if the terms in which it is couched are susceptible of two interpretations, the one ought to be adopted which conforms most nearly to the rules of the common law, and encroaches least upon the individual rights affected by it." The provision is that, where application is made by the sheriff, the court shall grant an order substituting the indemnitors as defendants in the action in the place of the officer. In consequence of the death of the two indemnitors, this it is impossible to do. The executors of the estates of the deceased indemnitors were not indemnitors. The liability of the principal falls upon them as administrators of his estate, but they can in no sense be called indemnitors. The mere fact of their having been mentioned in the bond of indemnity gave no greater scope to the bond than if it had been silent in that respect. The indemnitor binds his estate by the execution of the bond, but his estate does not thereby become a party to the bond. His executors did not become indemnitors, because they did not execute the bond, and could not have bound the estate if they had so done. It seems to be clear, therefore, that the court was not justified in substituting the liability of the estates of deceased indemnitors for that of the sheriff. Even if it had the power, it seems to us that it would have been an improper exercise of such power upon the part of the court, as the procedure to collect a judgment against estates is very different from that which obtains in respect to judgments against individuals. The language used in Hayes v. Davidson, supra, is again apt:

"The cases must be rare when any useful purpose can be served by compelling a party to litigate his demands with persons as to whose liabilities, and their extent, many embarrassing questions may arise."

The order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.