(43 App. Div. 579.)

## DE SHIELDS v. CREAMER.

(Supreme Court, Appellate Division, Second Department. October 10, 1899.)

PARTIES—ACTION AGAINST SHERIFF—RIGHT OF DEFENDANT TO SUBSTITUTION OF INDEMNITORS.

Where the indemnitors of a sheriff in attachment proceedings resist their substitution as defendants in an action of trespass brought against the sheriff, and allege their nonliability upon the bond signed by them for the acts complained of, thus making it necessary for the plaintiff, in case of their substitution, to litigate other questions than those arising between him and the sheriff, upon the determination of which his right of recovery may depend, such substitution cannot constitutionally be made over his objection.

Appeal from special term.

Action by George D. De Shields, Jr., assignee for benefit of creditors, against Frank D. Creamer, as sheriff. Appeal by plaintiff from an order of the special term substituting indemnitors of the sheriff as defendants in his place. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George W. Hopkins, for appellant.

Charles H. Hyde, for respondent.

CULLEN, J. This action is brought to recover damages in the sum of $15,000 for trespass in wrongfully levying and detaining certain personal property of the plaintiff, and also for wrongfully consuming, wasting, and destroying such property. The defendant justifies under attachments issued against the plaintiff's assignor. Before answer, upon an affidavit that Joseph Beck and Michael V. Dorney had, by bond in the penalty of $1,800, indemnified him upon such seizure, the defendant moved to substitute said indemnitors as defendants in his place. The plaintiff and the indemnitors alike resisted the application, and an affidavit was submitted by the attorney for the latter tending to show that the bond was given to the sheriff on misrepresentations made by his deputy, and that it was withdrawn before any seizure was made on its faith.

The ground on which the constitutionality of the Code provisions authorizing the substitution of indemnitors in place of the officer committing the alleged trespass has been upheld by the court of appeals is that the plaintiff in the trespass suit is given the same relief against the substituted parties which, were it not for the statute, he would have against the officer committing the trespass. Hayes v. Davidson, 98 N. Y. 19; Dyett v. Hyman, 129 N. Y. 357, 29 N. E. 261. If the plaintiff is compelled to prove additional facts or litigate new issues with the substituted defendants, which would have been unnecessary in his action against the officer, then, plainly, his right of action for the injury inflicted upon him has been unconstitutionally impaired; for, if he is unable to establish the additional facts necessary to a recovery against the new defendants, he loses indemnity which he otherwise would have had. When the constitutionality of these Code provisions was originally upheld by the court of appeals (Hayes v. Davidson, supra; Hein v. Davidson, 96 N. Y. 175), they authorized a substitution only on the application of the indemnitors. Where the substitution is made on such application, the indemnitors are estopped from denying that they stand in the very shoes of the sheriff, and "if the owner, on the trial, proves a good cause of action against the sheriff, the indemnitors, by virtue of such substitution, become liable in his place for the damage occasioned by his unlawful taking." Dyett v. Hyman, supra; McBride v. Tappen (Sup.) 10 N. Y. Supp. 137. But where the indemnitors resist the substitution, as in this case, a very different question is presented. The indemnitors deny their liability on the bond, and deny the commission of any acts which would

render them liable with the sheriff as joint tort feasors. The special term must be assumed to have decided this claim against them, for it granted the application. From the order of the special term the plaintiff alone has appealed. The question, therefore, which remains, is whether the adjudication on the motion permitting the substitution is conclusive upon the indemnitors, so as to preclude them from setting up by way of defense in this action the matters alleged in their affidavit. If the order is conclusive, the plaintiff has no ground of complaint, though the indemnitors may have. But we are not prepared to hold that the order of substitution is conclusive on the new defendants. Ordinarily, before the citizen can be amerced in his property, he is entitled to have a trial according to the usual mode of proceedings in judicial tribunals. On a claim of this character indemnitors would be entitled to a trial by jury, and we doubt very much whether they can be compelled to submit the determination of their rights to summary adjudication. This seems to be the opinion of the appellate division in the First department in Levy v. Dunn, 39 App. Div. 605, 57 N. Y. Supp. 972, where it is said that the plaintiff is "obliged affirmatively to establish the liability of the surety under the bonds for the whole extent of the sheriff's acts, and be subjected to the possibility of a recovery against the indemnitor being limited." To say the least of it, the question of law is doubtful, and the plaintiff is subjected to no small chance of falling between the two stools, —one, the sheriff's liability; the other, that of the indemnitors. To this risk he should not be subjected.

The order appealed from should be reversed, with $10 costs and disbursements, and application denied. All concur.