(39 App. Div. 605.)

LEVY v. DUNN.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

SHERIFFS—WRONGFUL LEVY—SUBSTITUTION OF INDEMNITORS.
    Under Code Civ. Proc. § 1421, authorizing, in an action against an officer for a wrongful levy, the substitution of the latter's indemnitors, does not give the sheriff the absolute right to such substitution against the objection of both plaintiff and the indemnitors, where plaintiff would not be furnished "an equivalent remedy against a responsible party."

Appeal from special term, New York county.
Action by Lazarus Levy against Thomas J. Dunn, sheriff, etc. From an order substituting defendant's indemnitors in his place, plaintiff and the indemnitors appeal. Reversed.
Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Malcolm R. Lawrence, for appellant L. Levy.
Howard A. Taylor, for appellant National Surety Co.
Burritt S. Stone, for respondent.

PATTERSON, J. The question involved in this appeal relates to the right of the sheriff and the power of the court to compel substitution of an indemnitor as the sole defendant in an action brought to recover for the conversion of personal property, and consequential damages, on the following state of facts: Two executions were delivered to the sheriff of the county of New York in favor of one Keiser. One of them was for the sum of $3,677.72, and was issued against the property of Jennie Levy. The other was for the sum of $3,341.62, issued against the property of Moses Levy. These executions were delivered to the sheriff on the 10th day of December, 1898, and on the same day, and before any steps were taken by the sheriff under them, the National Surety Company gave to the sheriff two bonds, one in the penal sum of $9,500, and the other in the penal sum of $8,500. One bond made reference to the

execution against Moses Levy and the other to that against Jennie Levy. The conditon of each obligation was that:

"If the above-bounden National Surety Company shall well and truly save, keep, and bear harmless, and indemnify, the said Thomas J. Dunn, sheriff, and his successor or successors, and all and every person and persons aiding and assisting him or them in the premises, of and from all harm, let, trouble, damage, liability, costs, counsel fees, expenses, suits, actions, judgments, attachments, fines, special proceedings, and executions, that shall or may at any time arise, come, accrue, or happen to be brought against him, them, or any of them, for or by reason of the levying, taking, or making sale under or by virtue of such execution, of all or any personal property, which he or they shall or may judge to belong to the said judgment debtor, or for or by reason of entering any ship or vessel, shop, store, building, or other premises, for the taking of any such personal property, or for or by reason of the defense of any action or proceeding, which may be so brought against him, them, or any of them, then this obligation to be void; else to remain in full force and virtue."

On December 12, 1898, the sheriff, under the two executions, levied on personal property claimed in this action by the plaintiff to belong to him. The sheriff sold the property, and received therefor the sum of $4,948.35. It consisted of a stock of ready-made clothing, which the plaintiff claims was of the value of $42,500, and in support of that claim he exhibits a detailed inventory of the merchandise and its alleged value. After this action was begun, and before answer, the sheriff moved the court to amend the summons and complaint by striking out his name as the defendant, and substituting, "in lieu and place thereof, the National Surety Company." This motion was resisted both by the surety company and the plaintiff, and they both appeal from the order granting the amendment and substitution.

The application was made under the provisions of section 1421 of the Code of Civil Procedure, which authorizes, in actions of this character, an indemnitor or an officer making a levy to substitute the indemnitor as the defendant in the action in place of the officer. It is claimed by the sheriff that, under that section of the Code, he has an absolute right to the substitution, and, in support of that claim, he relies upon the decision of this court in Rosenblum v. Gorman, 21 App. Div. 618, 47 N. Y. Supp. 754, as holding that the requirement is mandatory, and the court had no discretion to refuse the application, but is bound to grant it. The question presented in that case was "whether, in the present condition of the law, the court has discretion to deny the motion where facts required by the statute are made to appear, or whether the discretion of the court is limited to imposing terms upon granting the motion in a case where the imposition of terms seems to be necessary to obtain justice between the parties." The aspect in which the question is now raised was not presented nor considered. It is not to be controverted that a cause of action against a trespasser is a right of property, which right cannot be taken away without due process of law. The constitutionality of the law providing for the substitution of the indemnitor has been affirmed by the court of appeals, but, as that court says, only after much hesitation and by a divided court. Hayes v. Davidson, 98 N. Y. 22. The ground

upon which the validity of such a statute is placed has also been stated by the court of appeals as follows: "It is only upon the theory that by a substitution of parties the owner is afforded an equivalent remedy for the wrong done him against other responsible parties that the legislation in question can find any justification." Dyett v. Hyman, 129 N. Y. 357, 29 N. E. 263. The effect of the substitution has also been proclaimed in the case last cited in the following words: "If the owner on the trial proves a good cause of action against the sheriff, the indemnitors, by permitting such substitution, become liable in his place for the damages occasioned by his unlawful taking. If the act permitting the substitution impaired in any material respect the right of the owner to recover in the action, it would furnish a conclusive reason why the substitution should not have been permitted." It is apparent, from the attitude both of the plaintiff and of the indemnitor in this case, that, if the latter is substituted as defendant in the place of the sheriff, the plaintiff is at once introduced into a litigation which opens other issues than that relating to the trespass of the sheriff and its consequences. The indemnitor here insists that it is under a liability on both bonds only to the extent of $18,000; that its bonds are merely indemnity to the sheriff to that amount; that, those bonds having been given before any levy was made or any step taken by the sheriff, it has not become associated with the acts of the sheriff in such a way as to make it in law a joint tort feasor with the sheriff, liable for all the damages resulting from the trespass; that standing, as it does, in the position of surety making its contract for a specific sum as general indemnity, that liability, if any exists at all, is only directly to the sheriff, and cannot be extended beyond the terms and provisions of the bond. It is therefore obvious that, if the indemnitor becomes the sole defendant in the action, the plaintiff will be obliged to litigate other and different issues than those involved in the sheriff's alleged trespass. He will be obliged affirmatively to establish the liability of the surety under the bonds for the whole extent of the sheriff's acts, and be subjected to the possibility of a recovery against the indemnitor being limited to $18,000. The nature and extent of the indemnitor's liability upon the bonds are not to be determined upon a motion. The indemnitor has the right to have the subject considered in the ordinary course of litigation, and there is a grave question in this case relating to that matter. Under such circumstances, the court could not require additional security to be given by the indemnitor, and the plaintiff could not be placed in that position of security against the substituted defendant which is absolutely required before his property right to pursue the real wrongdoer could be changed, and the responsibility for the wrong shifted to another person. The proofs in this record were sufficient to indicate that the bonds are altogether insufficient as indemnity to the plaintiff. Additional security could not be ordered, the liability of the indemnitor is disputed by it, and, if any change is made in the parties to the action, the plaintiff's right will be impaired, and he will not "be furnished an equivalent remedy against a responsible party" for the wrong done him. .

The order must be reversed, with $10 costs and disbursements, and the motion for a substitution denied, with $10 costs. All concur.

_____

CLARK v. HERBERT BOOTH KING & BRO. PUB. CO.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

CREDITORS' SUITS—TEMPORARY INJUNCTION.

> Under Code Civ. Proc. § 1876, authorizing, in a judgment creditor's action, a temporary injunction to restrain delivery to a judgment debtor of any property liable to the satisfaction of the judgment, where it appears that such action would produce injury to plaintiff, an application therefor is insufficient which fails to show the debtor has disposed of any of his property, or has done or is about to do anything to prevent the enforcement of the judgment.

Appeal from special term, New York county.