(29 Misc. Rep. 171.)

## BOWDEN v. EDISON ELECTRIC ILLUMINATING CO.

(Supreme Court, Special Term, New York County.    October, 1899.)

NUISANCE—EXCESSIVE USE OF MACHINERY—INJUNCTION.

Injunction will lie to restrain as a nuisance an unreasonable and excessive use of machinery beyond its customary use in the business in which it is employed, its probable excessive use in the future so as to cause annoyance and inconvenience to the occupants of adjoining property being apparent from its occasional use in that way in the past; but

there is no remedy, though it may injure neighboring property, if the use is reasonable, having due regard to all interests affected, and the requirements of public policy.

Action by Samuel C. Bowden against the Edison Electric Illuminating Company for an injunction against a nuisance and for damages. Judgment for plaintiff.

William C. Reddy, for plaintiff.
Eugene H. Lewis and Clinton E. Bell, for defendant.

RUSSELL, J. The general rules governing the right of adjoining owners to relief from disturbance on account of the use of great mechanical power are plainly and authoritatively stated by the appellate division of this department. Rosenheimer v. Gaslight Co., 36 App. Div. 1, 55 N. Y. Supp. 192; Id., 39 App. Div. 482, 57 N. Y. Supp. 330. In the strict sense, the use of machinery producing noise or vibration injures neighboring property. But to some extent such results must come to all who live in a busy, prosperous city. The hum and throb of mechanical life cannot be wholly confined to the walls of any structure. Hence the true test must be whether the use by the owner of the industry is reasonable, having due regard to all of the interests affected, and the requirements of public policy. Booth v. Railroad Co., 140 N. Y. 267, 35 N. E. 592. The plaintiff, Bowden, has tenanted the building 121 East Twelfth street in the city of New York from 1891 till now by yearly leases, renting rooms to transient and permanent lodgers, and living there himself, without a family. In June, 1894, the defendant erected a power house adjoining, and occupies since May, 1895, for that purpose, 115 to 119, inclusive, East Twelfth street. It has gradually equipped the building with engines, dynamos, and the usual machinery to supply an increasing custom for electrical service, until that supply has reached several thousand lights and horse power. The plaintiff avers that the use of the machinery and appliances has greatly depreciated the value of his tenancy by the vibrations in his building, the noise, falling soot, cinders, and water from condensed steam. He seeks an injunction and damages. I am satisfied from the evidence that the customary use by the defendant of its generating power has been reasonable, and the departures therefrom only occasional, caused by overloading or carelessness. The building of the plaintiff is old, and out of repair, and its depreciation of rental value mainly caused by its undesirability for living purposes on that account, and the lessening availability of residences in that locality. It will not answer to use the discretionary power of injunction to stop a large industry of public utility unless the occasion requires such extreme relief. In the application of the principles governing such cases as this full consideration must be given to the situation of both parties. The defendant has erected a large structure, and equipped it with expensive machinery, not to annoy its neighbors, but to best serve a large area of contiguous customers; and has constructed its power house with care and stability for the permanent future. It has the right to use its plant for effective generation of electricity with the

reliance that adjacent buildings are fairly protected in construction and stability from harm on account of reasonable use, and are tenanted by individuals of ordinary nerve hardihood. It may, within the lines of such reasonable use, advance its enterprise according to increasing opportunity and invention, and is not compelled to remain stationary solely on account of adjoining buildings, provided the boundary of reasonable use is not overstepped. A tenant has the reasonable right to be satisfied with his location, and renew his lease from .year to year. But he must have in view the burdens which contiguity to machinery must bear, and the tendency, present and prospective, of business enterprise in that locality. Deliberate choice to stay bears strongly on his perception of the reality and magnitude of the evils of his environment. Adjusting the rights of the parties any restraint upon the defendant must be against excessive exercise of its right to generate electrical light and power, and not against its customary use. Though that excess in the past has been merely occasional, it may recur if the course of the past is followed, and of that alone we have knowledge. Such possibility or probability may wisely call for a restraint which will tend to insure continual watchfulness and prevention of injury. The humblest home or business is entitled to the protection of the law. Let judgment go for the plaintiff enjoining the overloading of the machinery so as to produce unusual vibration or noise, and the perceptible deposit of water on the plaintiff's premises, whether from condensed steam or tank overflow, with $250 damages and costs.

Judgment for plaintiff, with damages and costs.