## CASSANI v. DUNN.

(Supreme Court, Appellate Division, First Department.   November 10, 1899.)

1. ATTACHMENT—ACTION AGAINST SHERIFF FOR WRONGFUL LEVY—SUBSTITUTION
OF HIS INDEMNITORS.

A sheriff, who acted under Code Civ. Proc. § 658, in levying an attach-
ment and procuring a bond, alleged in his affidavit, made in support of
his application to substitute the sureties on the bond as defendants in his
place in an action against him for the wrongful levy, that by authority
of the warrant of attachment he levied on certain property alleged to be
the property of the defendant in that action, and took the same into his
custody; that thereafter plaintiff in this action claimed such property;
that his claim was brought before a sheriff's jury, of which notice was
given to plaintiff as claimant, and also to the plaintiff in the attachment
suit; that the jury found the title to the property to be in said claimant;
that thereupon an undertaking was given to the sheriff, whereby the sure-
ties agreed to indemnify him for or by reason of the levying, attaching,
or making sale under the attachment; that a copy of said undertaking,
with notice of justification of the sureties, was served on claimant, and
that thereafter the bond was duly approved by the court. *Held* that,
though claimant demanded in his action a greater sum than that specified
in the undertaking, the sheriff was nevertheless entitled to have his in-
demnitors substituted as defendants in his place, under Code Civ. Proc.
§§ 1421, 1422, providing that, where an action is brought against an officer
for an alleged unlawful levy of attachment, the court shall, on application
of such officer, substitute his indemnitors in his place; and, if the pleadings
do not sufficiently show that such case is one where the order may be
granted, the facts with respect thereto must be shown by affidavit or
other competent proof.

2. SAME.

Sureties on an attachment bond are liable to the claimant of the prop-
erty for the total amount of the injury sustained by reason of a wrongful
levy of the sheriff, and not limited in their liability to the amount specified
in the bond.

Appeal from special term, New York county.

Action by Francesco Cassani against Thomas J. Dunn, as sheriff
of the county of New York, for a wrongful levy of attachment on
plaintiff's property.   From an order denying a motion made by de-
fendant to substitute the indemnitors on the bond as defendants in
the action, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

Philip J. Britt, for appellant.
Moses Weinman and Achille J. Oishei, for respondent.

INGRAHAM, J.   I think this application should have been
granted.   The affidavit of the defendant alleged all of the facts to
bring the application within section 1422 of the Code of Civil Pro-
cedure.   By such affidavit it appears that an attachment was issued
in an action brought by one Cinque against one Guiseppe Cassani,
which directed the defendant, as sheriff of the county of New York,
to attach the property of the said Cassani within his county suffi-
cient to satisfy the sum of $1,360, with interest, costs, and expenses;
by authority of such warrant of attachment the defendant levied
upon certain property alleged to be the property of the defendant

in that action, and took the same into his custody; that thereafter the plaintiff claimed to be entitled to such property; that his claim was brought before a sheriff's jury, of which notice was given to the plaintiff as claimant, and also to the plaintiff in the attachment suit; that said jury found the title to the said property to be in the claimant (the plaintiff in this action); that thereupon an undertaking was given to the sheriff in the sum of $1,850, whereby the sureties agreed to indemnify the sheriff for or by reason of the levying, attaching, or making sale under and by virtue of said attachment; that thereafter a copy of the said undertaking, with notice of justification of the sureties, was served upon the plaintiff in this action; and that thereafter such proceedings were had that such bond was duly approved by one of the justices of the supreme court, and filed with the clerk of the court.

By sections 1421 and 1422 of the Code provision is made for the substitution of the indemnitors of the sheriff in such an action, and this provision has been declared by the court of appeals to be constitutional. Hein v. Davidson, 96 N. Y. 175. The only objection which was relied upon to defeat this application is that there is a statement in the affidavit of the sheriff that this action was commenced against the sheriff to recover the sum of $4,000, and the case of Levy v. Dunn, 39 App. Div. 605, 57 N. Y. Supp. 972, is relied on as an authority against the granting of this application. The situation that appeared in that case, however, was substantially different, and a different question was presented. In that case two executions were delivered to the sheriff, aggregating between $6,000 and $7,000, and, before any steps were taken by the sheriff under them, two bonds were given to the sheriff to indemnify him in a penal sum specified, aggregating $18,000. Under those executions the sheriff took property belonging to the plaintiff, and which it was alleged was of the value of $42,500, and that fact was not denied. This court held that, under such circumstances, as the proof was sufficient to show that the bonds were altogether insufficient as indemnity to the plaintiff, he would not be afforded an adequate remedy against a responsible person for the wrong done him if the sheriff was discharged from liability and the sureties substituted. In this case the sheriff acted under section 658, Code Civ. Proc., where it is provided that, if the sheriff's jury find the title of the goods or effects levied upon by the sheriff under an attachment to have been in the claimant at the time of the levy, the sheriff must forthwith deliver them to him or his agent, unless the plaintiff gives an undertaking with sufficient sureties to indemnify the sheriff for the detention thereof. If the undertaking is given, the sheriff must detain the goods or effects as the property of the defendant. Provision is then made for a notice to the claimant and the plaintiff in the attachment action of the giving of the undertaking, with a notice of the justification of the sureties thereon, and, if the judge before whom such justification takes place should find the sureties sufficient, he is to allow the undertaking, and "thereupon the sheriff is released and discharged from all further liability by reason of the taking and detention of the property seized." The plaintiff in

this action (the claimant) had notice of the giving of the undertaking and the amount specified therein. If this undertaking was not sufficient in amount to protect the plaintiff, he could have objected to the sufficiency of the undertaking before the justice before whom the same was approved. It does not appear that any such objection was made, but it does appear that the undertaking was approved. The sureties upon the bond are liable to the claimant for the total amount of the injury sustained by reason of the levy of the sheriff upon the claimant's property. Dyett v. Hyman, 129 N. Y. 357, 29 N. E. 263. It is there said:

"The liability of the defendants rests wholly upon their participation in the original wrong, and their liability for its consequences, incurred by reason of their complicity in the trespass. This, it is true, is evidenced by the bond of indemnity, which authorized the sheriff to consummate the original wrong by an unlawful sale and conversion of the plaintiff's property, but in no sense is the action upon the bond."

The liability of the sureties, therefore, depending not upon the bond, and not being limited to the amount specified in the bond, the plaintiff is amply protected if he is confined to his action against them, and the sheriff relieved from liability; and the sureties cannot complain if they are compelled to bear the burden of defending the action, as by their interference they have enabled the sheriff to commit the trespass, if one was committed, and by their obligation have agreed to indemnify him against all liability. The mere fact, therefore, that the plaintiff has commenced an action against the sheriff for a greater sum than that specified in the undertaking would seem to be no reason why the indemnitors, the real parties in interest, should not be substituted as defendants in place of the sheriff. The sureties had knowledge of the obligation that they assumed when they executed the bond, and they became liable for the entire amount of the damage sustained by the claimant in consequence of the retention of the specific property levied upon by the sheriff under the attachment; and the plaintiff cannot complain of the substitution of these defendants in place of the sheriff, as he had notice of the amount of the undertaking, and an opportunity to examine the sureties to see that they were of sufficient responsibility to respond to any damage that he might sustain in consequence of the sheriff's holding the property as the property of the defendant in the attachment suit. In Levy v. Dunn, supra, the bonds were given before the sheriff made the levy, and it was there alleged, and not disputed, that the sheriff had seized property of a value much in excess of that required by the execution under which he was acting, and the plaintiff in that case had no opportunity of examining the sureties and being heard upon their sufficiency to respond to the value of the property taken.

I think, therefore, that the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

PATTERSON, J. I concur in the reversal of this order. The present case differs altogether from that of Levy v. Dunn, 39 App. Div. 605, 57 N. Y. Supp. 972. In that case it was held that under its

peculiar circumstances, and the attitude in which the indemnitor stood to the sheriff, substitution should not be ordered, because the plaintiff would not secure that complete and effective remedy to which he was entitled by reason of the wrongs alleged to have been perpetrated against him by the sheriff. There both the plaintiff and the indemnitor objected to the substitution, the indemnitor insisting that it was not an original trespasser, liable with the sheriff for the sheriff's acts; those acts being in excess of the sheriff's lawful right, and being wanton in their character. The indemnitor's position was that, as between itself and the sheriff, the liability was solely upon the bond; that inasmuch as that bond was not given against specific acts, but was only for general indemnity, in an action between the sheriff and the indemnitor the recovery would be limited to the amount of the bond, if any recovery could be had at all; that the sheriff could not, of his own motion, shift the whole responsibility for all his acts upon the indemnitor; that on the substitution of the indemnitor no question could be litigated between the plaintiff and it except such defense as the sheriff himself would have to the cause of action asserted by the plaintiff; that thus the indemnitor would be deprived of its defense, and would be visited with a liability which it never incurred, and upon a relation to the sheriff's acts which it did not sustain, either as matter of law or fact. The plaintiff, Levy, contended that he, as a stranger to all matters antecedent to the sheriff's trespass, could not be embarrassed in the pursuit of his remedy by all these matters that were extraneous to his cause of action and foreign to the enforcement of his rights. The whole point of the case of Levy v. Dunn, was that, there being this grave question of the liability of the indemnitor as an original tort feasor, and the bond which he gave to the sheriff being utterly insufficient to protect him, if for any reason it should be held that the liability was limited to the extent of the bond, a substitution should not be ordered. The questions arising in the Levy Case are not in this. There is nothing in that case which indicates that the original liability of an indemnitor to a party injured by the sheriff's trespass is upon the bond alone.