LAZARUS LEVY, Respondent, *v.* THOMAS J. DUNN, as Sheriff of the County of New York, Appellant.

THE NATIONAL SURETY COMPANY, Indemnitor, Respondent.

SHERIFFS — SUBSTITUTION OF INDEMNITOR IN ACTION AGAINST SHERIFF — UNCONSTITUTIONALITY OF MANDATORY PROVISION OF § 1421, CODE CIV. PRO. The mandatory provision of section 1421 of the Code of Civil Procedure, as amended in 1887, requiring the court, upon the application of the sheriff, when sued for the recovery of chattels levied upon, or for damages by reason of a levy upon personal property, to substitute the sheriff's indemnitor as defendant in the action, is in contravention of the provisions of the Constitution prohibiting the taking of private property without due process of law, in so far as it requires the court to substitute the indemnitor upon the application of the sheriff in opposition to the wishes of the plaintiff.

*Levy* v. *Dunn*, 39 App. Div. 605, affirmed.

(Submitted October 3, 1899; decided November 21, 1899.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 3, 1899, reversing an order of the Special Term granting a motion of the defendant to substitute in his place as defendant in the action the National Surety Company.

This action was brought to recover for the conversion by the sheriff of the county of New York of personal property belonging to the plaintiff, and for consequential damages.

The facts, so far as material, and the question certified are stated in the opinion.

*Philip J. Britt* for appellant. The statute which provides for the substitution of indemnitors, to wit, section 1421 of the

Code, is not unconstitutional, but is a valid exercise of the power belonging to the state legislature. (*Hein* v. *Davidson*, 96 N. Y. 175; *Hayes* v. *Davidson*, 98 N. Y. 19; *Hessberg* v. *Riley*, 91 N. Y. 377; *Dyett* v. *Hyman*, 129 N. Y. 357.) The sheriff is not bound, under all circumstances as the respondents claimed below, to submit the claim of a third party to a sheriff's jury and proceed as is outlined in section 1419 of the Code, as a condition precedent to having his motion for the substitution of his indemnitors on a bond given, as in the case at bar, substituted under sections 1421 and 1423 of the Code. The bond provided to be given under section 1419 of the Code is not the bond for the substitution of indemnitors on which provision is made under sections 1421 and 1423 of the Code. (Code Civ. Pro. § 1418; *Curtis* v. *Patterson*, 8 Cow. 65.) Section 1421 of the Code of Civil Procedure makes it mandatory upon the court to grant a motion to substitute indemnitors when the application is made by the sheriff, subject to the right to impose terms as given by section 1423. (*Ullman* v. *Gorman*, 21 App. Div. 616; *Rosenblum* v. *Gorman*, 21 App. Div. 618; *Cantor* v. *Grant*, 10 N. Y. Supp. 223; *Fleig* v. *Gorman*, 1 Misc. Rep. 194; *Jakobi* v. *Gorman*, 2 Misc. Rep. 190; *Corn* v. *Tamsen*, 16 Misc. Rep. 672; *Mandel* v. *Gorman*, 19 Misc. Rep. 349; *Terhune* v. *Dunn*, 23 Misc. Rep. 600.) No preliminary requisite is called for by section 1421 to entitle the sheriff to such substitution, except the giving of a bond of indemity and the commencement of an action. (Code Civ. Pro. §§ 1418, 1419.) The sheriff, in taking the bonds of indemity in the case at bar, followed the custom which has been in existence from time immemorial in the conduct of the office of sheriff, and which is supported by common sense, judicial opinion, and the statutes applying to the acceptance of bonds by sheriffs in the performance of their official duties. (Code Civ. Pro. §§ 1419, 1421, 1422.) Section 1419 of the Code simply provides a way whereby the sheriff is released, either if the plaintiff who issues the process gives the bond, or whether he refuses to give the bond,

and the sheriff relinquishes the levy and turns the property over to the claimant. (*Chamberlain* v. *Beller*, 18 N. Y. 115; *Griffiths* v. *Hardenbergh*, 41 N. Y. 464; Crocker on Sheriffs [3d ed.], 253.) The indemnitor respondent herein, in view of the circumstances under which the bond was given, should be substituted and charged as a joint tort feasor. (*Weber* v. *Ferris*, 37 How. Pr. 102; *Herring* v. *Hoppock*, 15 N. Y. 409; *Fonda* v. *Van Horne*, 15 Wend. 631; *Davis* v. *Newkirk*, 5 Den. 92; *Root* v. *Chandler*, 10 Wend. 110; *Allen* v. *Crary*, 10 Wend. 349; *Posthoff* v. *Bauendahl*, 43 Hun, 570; *Hessberg* v. *Riley*, 91 N. Y. 377.)

*Malcolm R. Lawrence* for respondent Levy. Sections 1419 and 1421 of the Code of Civil Procedure are unconstitutional, and in conflict with both the State and Federal Constitutions. (*Hayes* v. *Davidson*, 98 N. Y. 19; *Dyett* v. *Hyman*, 129 N. Y. 351; *McBride* v. *Tappen*, 31 N. Y. S. R. 477.) If sections 1419 and 1421 of the Code of Civil Procedure are held to be constitutional, then, being in derogation of the common law and of common right, they must be strictly construed. (*Hayes* v. *Davidson*, 98 N. Y. 19.) The facts do not bring this case within section 1421 of the Code. There was no inquisition before a sheriff's jury, and no finding by a sheriff's jury, either as to title or as to the value of the property, such as is provided for by sections 1418 and 1419. (*People* v. *Hall*, 31 Hun, 404; *Dyett* v. *Hyman*, 129 N. Y. 357.) Unless it is held, as matter of law, that sureties upon a bond of indemnity to the sheriff, given before levy made or trespass committed by the sheriff, are liable for all damage, irrespective of the amount of bond, the motion was properly denied, and the order appealed from must be affirmed. (*Dyett* v. *Hyman*, 129 N. Y. 351; *Pozzoni* v. *Henderson*, 2 E. D. Smith, 146; *Clark* v. *Woodruff*, 83 N. Y. 518; *Bowe* v. *Wilkins*, 105 N. Y. 322; *O'Donohue* v. *Simmons*, 31 Hun, 267; *McBride* v. *Tappan*, 31 N. Y. S. R. 477.) If it be held for any reason that the application for substitution of the indemnitor should have been granted, then it is submitted that, considering the

facts and circumstances of this case, it should only be granted upon terms, under section 1423 of the Code of Civil Procedure. (*Rosenblum* v. *Gorman*, 21 App. Div. 618; *Buchner* v. *Tamsen*, 26 App. Div. 612; *Berg* v. *Grant*, 18 Abb. [N. C.] 449; *McBride* v. *Tappen*, 31 N. Y. S. R. 477; *Cantor* v. *Grant*, 23 Abb. [N. C.] 423.)

*William B. Hornblower* and *M' Cready Sykes* for National Surety Company, respondent. The question involved in this appeal is not whether this plaintiff may have some cause of action against the National Surety Company, but whether the National Surety Company, as an indemnitor, should, by virtue of the contract which it has made with the sheriff, be substituted as a defendant in the place of the sheriff under sections 1421–1426 of the Code. (*Dyett* v. *Hyman*, 129 N. Y. 351; *Pozzoni* v. *Henderson*, 2 E. D. Smith, 146; *Clark* v. *Woodruff*, 83 N. Y. 518; *Bowe* v. *Wilkins*, 105 N. Y. 322; *O'Donohue* v. *Simmons*, 31 Hun, 267; *Matter of Jensen*, 28 Misc. Rep. 378.) The effect of the order has been to deprive the plaintiff — if the facts sworn to in the complaint be proved on the trial — of a recovery of $140,000, and to limit his recovery to one against another defendant, and for the amount of at most $18,000. The statute is not applicable to any such situation. (Code Civ. Pro. §§ 657–659, 1418–1420; *O'Donohue* v. *Simmons*, 31 Hun, 267; *Bowe* v. *Wilkins*, 105 N. Y. 322; *Clark* v. *Woodruff*, 83 N. Y. 518; *Peck* v. *Acker*, 20 Wend. 605; *Hein* v. *Davidson*, 96 N. Y. 175; *Dyett* v. *Hyman*, 129 N. Y. 351.) The amendment of 1887 was unconstitutional. (129 N. Y. 357; L. 1888, ch. 98.) The present statute is unconstitutional if applicable to the circumstances in the case at bar. (*Matter of Jensen*, 28 Misc. Rep. 378; *Fleig* v. *Gorman*, 1 Misc. Rep. 194.)

Haight, J. The order appealed from is brought up for review upon a certificate of the Appellate Division to the effect that a question of law has arisen which should be reviewed by this court, and the following is the question cer-

tified: "Has the court the power, under any circumstances, to deny a motion made, under section 1421 of the Code of Civil Procedure, to substitute indemnitors when the application is made by the sheriff?"

The facts under which the question has arisen are substantially as follows: Two executions were delivered to the sheriff of the county of New York in favor of one Keiser, one for the sum of $3,677.72, issued against the property of Jennie Levy, and the other for the sum of $3,341.62, issued against the property of Moses Levy. On the same day the National Surety Company gave to the sheriff two bonds, one in the penal sum of $9,500, and the other in the penal sum of $8,500, each conditioned, in substance, that if the National Surety Company should well and truly save and bear harmless and indemnify the sheriff, and all and every person or persons aiding and assisting him or them from damage, liability and costs by reason of the levying of such executions upon any personal property which the sheriff should judge to belong to the judgment debtor, then the obligation to be void, else to remain in full force and virtue. After receiving the bonds of indemnity, the sheriff proceeded to levy the executions upon a stock of ready-made clothing and removed the same to a warehouse, where the goods were subsequently sold. The plaintiff in this action claims that the goods so levied upon belonged to him, and that they were of the value of $42,500 ; that only a portion of the goods taken from his store by the sheriff was taken to the warehouse and subsequently sold; that the greater portion was stolen or never accounted for, and that he has suffered special damages by reason of the interruption and breaking up of his business to the amount of $100,000. After the commencement of this action the defendant moved the court for an order substituting as defendant in his place and stead, the National Surety Company, the indemnitor. The motion was opposed by both the plaintiff and the National Surety Company. The Special Term granted the order prayed for, being of the opinion that the court had no discretion to deny the motion, for the reason that the provis-

ions of section 1421 of the Code of Civil Procedure were man-
datory. The Appellate Division having reversed this order,
the question certified is now presented for our determination.

Section 1421 of the Code of Civil Procedure provides as
follows: "Where an action to recover a chattel or chattels
hereafter levied upon by virtue of an execution, or several
executions, or a warrant of attachment, or several warrants of
attachment, or to recover damages by reason of a levy or lev-
ies upon detention, sale or sales of personal property hereaf-
ter made, by virtue of an execution or several executions, or
a warrant of attachment or several warrants of attachment, is
brought against an officer or against a person who acted by his
command or in his aid, if a bond or bonds or written under-
taking or undertakings indemnifying the officer against the
levy or levies, or other act or acts, has been given in behalf of
the judgment creditor or the several judgment creditors, or
the plaintiff in the warrant or the plaintiffs in the several war-
rants, either before or after the commencement of the action,
the persons or person or the several persons who gave it to
them, or the survivors, if one or more are dead, may apply to
the court for an order to substitute the applicant or several
applicants as defendants in the action in place of the officer
or of the person so acting by his command or in his aid;
and the court shall, upon application of the officer, or in case
of his death, upon the application of his legal representatives,
grant an order substituting the indemnitors as defendants in
the action in place of the officer or of the persons so acting
by his command or in his aid."

The application in this case was made under the concluding
provision of the section, and we think we must agree with the
Special Term that the provision is mandatory and leaves no
discretion with the court. It provides that the court *shall*
grant an order substituting the indemnitor as defendants in
the action upon the application of the officer who has been
made a defendant in the action.

We are thus brought to the consideration of the question as
to whether the enactment is violative of any of the provisions

of the Constitution. The clause alluded to was added to the section by an amendment in 1887. Prior to that time the section provided for an application for substitution on the part of the indemnitor, who, by his own application, was permitted, in the discretion of the court, to step into the place of the defendant and assume all his liabilities in the action and defend in his place and stead. A question was raised with reference to the constitutionality of the provisions of the section before the amendment of 1887, and it then received the attention of this court in the case of *Hein* v. *Davidson* (96 N. Y. 175), in which it was held that the provisions of section 1421 of the Code of Civil Procedure, as they then existed, were not violative of the constitutional provision prohibiting the taking of private property without due process of law. This decision has been the subject of comment in this court. In the case of *Hayes* v. *Davidson* (98 N. Y. 19), RUGER, Ch. J., says with reference to these provisions of the Code: " Their constitutionality has been seriously questioned heretofore in this court, and was affirmed by us only after much hesitation and by a divided court." Again, in the case of *Dyett* v. *Hyman* (129 N. Y. 351) it is said: " It is only upon the theory that by a substitution of parties the owner is afforded an equivalent remedy for the wrong done him, against other responsible parties, that the legislation in question can find any justification." While we have no disposition to interfere with or to criticise the decision in *Hein* v. *Davidson*, we think the legislation then under review was upon the border line; that the rule recognized in that case should not be extended, and that legislation dispensing with the safeguards then provided for cannot be sustained. The legislation then under review, as we have seen, left it discretionary with the court to determine whether the substitution of parties should be made, and section 1423 provided in substance that in case there was any question with reference to the responsibility of the indemnitor who sought to be substituted, he should be required to give satisfactory security, so that there could be no question with reference to the ability of the plaintiff to collect in case his right to recover

should be adjudged.   But in the legislation now under review the substitution is made mandatory, leaving no discretion with the court when the application is made by the defendant in the action.   The indemnitor may or may not be responsible. The court cannot compel the indemnitor to furnish security. He might not be able to do so.   If the indemnitor was the moving party asking for a favor of the court, it might impose, as a condition of granting the favor, that additional security should be furnished.   Further than this the court would not have the power to act.

Again, the legislation under review requires the plaintiff to litigate other and different questions from those involved in this action against the sheriff.   The amount of the two bonds given by the indemnitor is only the sum of $18,000, and they had been given before any levy was made by the sheriff.   The amount of damage which the plaintiff alleges he has sustained by reason of the alleged unlawful acts of the sheriff, is the sum of $142,000, with interest, etc.   A question is thus presented as to whether the indemnitor can, in any event, be held liable for a greater amount than the penalty named in the bonds.   If it should be held that such was the extent of the liability of the indemnitor, then the plaintiff by this legislation would be deprived of upwards of $120,000 of his claim, and given no other remedy or process of law therefor.   There are other reasons which might be given, but we think those referred to are sufficient.   We are clearly of the opinion that the amendment to the section passed in 1887, in so far as it requires the court to substitute the indemnitor upon the application of the sheriff in opposition to the wishes of the plaintiff, is in contravention of the provisions of the Constitution referred to.

The order of the Appellate Division should be affirmed, with costs to the plaintiff and the National Surety Company, and the question certified answered in the affirmative.

All concur.

Order affirmed.