(47 App. Div. 495.)

## BODINE v. ANDREWS.

(Supreme Court, Appellate Division, Second Department. February 3, 1900.)

1. ACTION FOR SERVICES—COUNTERCLAIM—TRIAL—AFFIRMATIVE OF ISSUE.

Where defendant admitted the rendition of services sued for, and the amount of plaintiff's claim, but set up an indebtedness of plaintiff to another, which defendant claimed under assignment as a counterclaim, defendant had the affirmative of the issue.

2. BUILDING PLANS—COST OF BUILDING—EXCESS—ARCHITECT'S LIABILITY.

Where an architect agreed to build a house for a sum not exceeding $5,500, but it appeared that such price was merely an estimate, and was found by adding 5 per cent. to the estimated cost of the building, which amount was indorsed on the plans, the architect was not liable for an excess of $185 in the actual cost of the building.

3. SAME—BUILDING COVENANT—SUIT TO ENFORCE—COUNSEL FEES—CONTRACT —INDEMNITY.

Where, though the owner of a building knew that she was prohibited by her deed from building nearer than 15 feet from the street, she examined the plans prior to the construction, and knew that the building was to stand on the 15-foot line, and that the bay window extended beyond the line, and with such knowledge approved the plans, the architect's agreement to pay her counsel fees for defending a suit to restrain the maintenance of such window was without consideration and unenforceable.

4. SAME—EVIDENCE.

In an action against an architect for counsel fees in defending a suit to restrain the maintenance of a building wrongfully built too near the street, a map showing the location of the building was admissible.

5. SAME.

Where the evidence in an action for architect's services failed to show any enforceable agreement by the architect to indemnify the owner of the building for counsel fees paid in defending a suit for breach of covenant prohibiting the erection of a building less than 15 feet from the street, the introduction of evidence of complaints made of encroachments on the restricted space in an action on such agreement was error.

6. SAME—APPEAL—MOTION FOR NEW TRIAL—EXCEPTIONS—NECESSITY.

Where it clearly appears that no legal liability existed against a defeated party, and justice requires that a new trial, applied for after verdict, should have been granted, the judgment will be reversed, and a new trial granted on appeal, though there were no exceptions in the record presenting legal error.

Goodrich, P. J., and Hirschberg, J., dissenting.

Appeal from trial term, Queens county.

Action by Frank V. Bodine against Benjamin Andrews in which defendant pleaded a counterclaim on an assigned indebtedness against plaintiff. From a judgment in favor of defendant and from an order denying plaintiff's motion for a new trial he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Byram L. Winters, for appellant.
Arthur Furber, for respondent.

HATCH, J. This action was brought to recover for architect's fees and the superintending of a building for the defendant. The rendition of the service and the amount of the plaintiff's claim were admitted by the defendant. The latter, however, set up by way of de-

fense two items of indebtedness existing in favor of one Margaret E. Weber against the plaintiff, and which, prior to the commencement of the action, had been assigned to the defendant. This being the state of the pleadings, the court properly ruled that the defendant held the affirmative of the issue. Upon the trial, evidence was given tending to establish that the plaintiff had entered into a contract with Mrs. Weber, in which he agreed to build a house for her at a price not exceeding $5,500, and that in fact the house had cost in excess thereof $185, which she claimed constituted an indebtedness in her favor of such amount. It is quite evident that the figures furnished by the architect to Mrs. Weber did not constitute a contract. There is not a syllable contained therein tending to show a contract. On the contrary, it in terms stated the price as estimated, to which 5 per cent. is added, and was indorsed upon the plans. It was not signed by either party, and no consideration could make it a contract. When offered in evidence, objection was made to its reception upon the proper ground, but no exception was taken to the ruling of the court admitting it; and plaintiff was subsequently permitted, without objection, to testify to the terms of an oral agreement to erect the house, of which this memorandum formed a part. It is possible that a legal claim as to this counterclaim may be spelled out of the testimony, but such result, upon this evidence, ought only to be reached with much misgiving. The further counterclaim related to a claimed agreement on the part of the plaintiff with Mrs. Weber to hold her harmless from all damage, costs, and expenses which she might incur by reason of the location of the house upon the lot. It appeared from the testimony that there was a prohibition restraining Mrs. Weber from locating her house upon the premises nearer than 15 feet to the street. The plans as prepared located the building upon the 15-foot line, but a bay window extended over. Subsequently an action was brought against Mrs. Weber to enjoin such construction, and compel a removal of the bay window. That action was tried, and the complaint dismissed, and Mrs. Weber incurred a bill of $250 for legal services, which she paid, and the claim assigned to the defendant is of such sum. Mrs. Weber testified upon the trial that she examined the plans prior to the construction, that she knew where the 15-foot line was, that she knew the building stood upon the 15-foot line, and that the bay window extended beyond; and thus, with full knowledge of the entire subject, she approved of the plans and of the construction as proposed. It is clearly evident, therefore, that she would have no legal claim against the plaintiff upon any agreement of his to indemnify her for an act of which she was fully informed. Even though the promise was made by the plaintiff to pay the expenses of her counsel after the suit was instituted, it would create no legal liability against him, as there was no consideration upon which it could be founded. Consequently, there was no legal testimony in the case which authorized the jury to take into consideration this item of the counterclaim. When the map was offered in evidence to show the location of the house, objection was made upon the ground that it was incompetent, immaterial, and irrelevant. The objection was overruled, and exception was taken. Subsequently, Mrs. Weber was

asked to tell about any complaint which was made of encroachment upon the restricted space. This was objected to as immaterial. The objection was overruled, and no exception to such ruling was taken. The ruling to which exception was taken can hardly be regarded as reversible error, for the reason that the map was admissible in evidence as showing the location of the house, and might have been used for that purpose entirely independent of any claimed liability arising on account of the claimed agreement to indemnify. The second question was clearly error, as a complaint of encroachment was entirely immaterial to any valid issue which the case presented. The court, in submitting this question to the jury, stated: "You are to determine—First, whether there was any fault on the part of the architect; and, secondly, whether, by reason of such fault, he assumed the legal obligations to pay the lawyer." The court thus left to the jury what it should have determined for itself, to wit; that there was no legal obligation established by the evidence charging the defendant with such sum. It is true that there was no exception to this part of the charge; but, inasmuch as there was nothing in the testimony from which the jury were authorized to find any liability in this respect, the jury ought not to have been permitted to base a finding thereon. It is not only without evidence to sustain it, but from all the evidence it is clear that no legal liability existed.

While there is not, in this case, any exception which presents legal error, yet a motion for a new trial was made after the verdict was rendered. Such motion is addressed to the sound discretion of the court, and it is not absolutely essential that a legal exception shall be taken in order to authorize the court to grant relief; the question to be determined being, has substantial justice been done? Rost v. Railroad Co., 10 App. Div. 477, 41 N. Y. Supp. 1069. In the present case it seems clear that there exists no basis which created a legal liability against the plaintiff in the matters set up by way of counterclaim, and this is so clearly apparent that we think justice requires the granting of a new trial, for, with these demands eliminated, it is admitted that plaintiff has an unsatisfied demand against the defendant. The judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event.

BARTLETT and WOODWARD, JJ., concur.

GOODRICH, P. J. I dissent from the prevailing opinion. The plaintiff sued to recover of the defendant $298.32, which he claimed to be due him for services as an architect, and for goods sold and delivered. The answer admitted the claim, which, with interest, amounted to $314.26, and alleged as a counterclaim a liability of the plaintiff to one Mrs. Weber, the claim having been assigned by her to the defendant. This liability was alleged to arise out of a contract by which the plaintiff agreed to build a house for her at an agreed price. The answer also alleged that the plaintiff failed to do this, to the damage of Mrs. Weber, $185.79,—this amount being fixed by counsel at the trial; and that by reason of the plaintiff's act in

improperly locating the building an action was brought against her to restrain the erection of it, the successful defense of which action cost her $250 in counsel fees. The aggregate of these claims— $435.78—exceeded the plaintiff's claim by $137.46. The jury rendered a verdict of $121.50 for the defendant, and the plaintiff appeals from the judgment entered thereon.

The defendant contended that the plaintiff contracted to build for Mrs. Weber, or to have built for her, a house at a definite cost, the items of which were stated in a paper which she produced, and that the cost exceeded the limit by $185.78. On the other hand, the plaintiff claimed that the paper was a mere estimate of cost, and not a guaranty. There being conflicting evidence, the court distinctly submitted the question to the jury, and they would have been justified in finding a verdict for either party.

The second part of the counterclaim relates to a counsel fee paid by Mrs. Weber in defending a suit brought to enjoin her from maintaining any part of the building beyond the building line established in the covenant in her deed, and for equitable relief. The court dismissed the complaint, without prejudice to any action which might be brought at law for damages sustained by breach of the covenant. In the case at bar there was evidence tending to show that the plaintiff admitted that the locating of the building was his act; that he, if any one, should be liable for damages; and promised to pay the expense of defending the equitable action. This was denied by the plaintiff, but here again was a disputed question of fact, which was submitted to the jury.

The appellant further argues that the verdict was contrary to the evidence, and that the jury disregarded the charge. There was no exception to the charge. While this court may set aside a verdict if it be of the character described, I cannot see that the contention of the plaintiff's counsel in this case is sustained by the facts. I think he misunderstands the part of the charge cited in his brief, in relation to the amount of damages, and the deductions which were to be made according to the view the jury might take of the facts. They might have found, on the evidence, that the plaintiff agreed to complete the building according to the plans and specifications annexed to the contract, but not printed in the record, and the court so charged. I see no reason for assigning error of the charge in this respect.

I think that the judgment should be affirmed.

HIRSCHBERG, J., concurs.