BAUM, Respondent, v. EVANS, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 27, 1900.) Action by Mary Baum against Edward Evans. No opinion. Judgment and order affirmed, with costs.

BEACON FALLS RUBBER-SHOE CO., Appellant, v. BURNS, Respondent. (Supreme Court, Appellate Division, Third Department. March 13, 1900.) Action by the Beacon Falls Rubber-Shoe Company against John J. Burns. No opinion. Order affirmed, with $10 costs and disbursements. All concur, except PARKER, P. J., and KELLOGG, J., who dissent.

In re BLACKWELL et al. (Supreme Court, Appellate Division, First Department. January 5, 1900.) In the matter of Francis O. Blackwell and others. No opinion. Motion granted, with $10 costs.

BODINE, Appellant, v. ANDREWS, Respondent. (Supreme Court, Appellate Division, second Department. March 27, 1900.) Action by Frank V. Bodine against Benjamin Andrews.

PER CURIAM. Motion for reargument denied. Order resettled, so as to provide as a condition of the new trial that the appellant within 20 days pay the trial fee and disbursements of the trial already had, and that in default of such payment the judgment and order be affirmed, with costs. See 62 N. Y. Supp. 385.

BOWDEN v. EDISON ELECTRIC CO. OF NEW YORK. (Supreme Court, Appellate Division, First Department. February 16, 1900.) Action by Samuel C. Bowden against the Edison Electric Company of New York. No opinion. Motion denied, with $10 costs. See 60 N. Y. Supp. 835.

BOYLE, Respondent, v. DEGNON–McLEAN CONST. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 27, 1900.) Action by Bridget Boyle, as administratrix, etc., of John Boyle, deceased, against the Degnon-McLean Construction Company. No opinion. Motion for reargument or leave to appeal to the court of appeals denied. Proceedings on the part of the respondent stayed 20 days from the date of this decision. All concur, except HIRSCHBERG, J., who took no part. See 61 N. Y. Supp. 1043.

BROWN, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 27, 1900.) Action by Daniel Brown against the Brooklyn Heights Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

BROWNING, Respondent, v. CHADWICK, Appellant. (City Court of New York, General Term. March 9, 1900.) Action by William H. Browning against Helen E. Chadwick. From an order adjudging defendant guilty of contempt, she appeals. Affirmed. Howe & Hummel, for appellant. Clarence E. Thornall, for respondent.

63 N.Y.S.—70

PER CURIAM. Affirmed, without costs, on authority of Browning v. Chadwick (decided by the general term of this court, November 16, 1899) 61 N. Y. Supp. 246; opinion by Mr. Justice CONLAN.

BRUMLEY, Respondent, v. LEE MFG. CO. et al., Appellants. (Supreme Court, Appellate Division, Third Department. March 23, 1900.) Action by Albert Brumley against the Lee Manufacturing Company, Watson P. Harvey, and Carrie Harvey.

PER CURIAM. Judgment of the county court, so far as appealed from by Watson P. Harvey, affirmed, with costs, and, so far as appealed from by the Lee Manufacturing Company, modified, so as to provide that the judgment of the justice's court against the Lee Manufacturing Company be vacated, and, as so modified, affirmed, without costs of this appeal to either party.

BURTT et al., Respondents, v. HOLLAND, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 21, 1900.) Action by Burtt Bros. against William Holland. No opinion. Judgment affirmed, with costs.

BUSH v. O'BRIEN et al. (Supreme Court, Appellate Division, First Department. March 9, 1900.) Action by Irving T. Bush against John O'Brien and others. No opinion. Motion granted. See 62 N. Y. Supp. 685.

CARROLL et al., Respondents, v. TOPLITZ, Appellant. (Supreme Court, Appellate Term. March 16, 1900.) Action by William Carroll and others against Solomon B. Toplitz. From a judgment for plaintiffs (60 N. Y. Supp. 1134), defendant appeals. Affirmed. Harry L. Toplitz, for appellant. Mulqueen & Mulqueen, for respondents.

PER CURIAM. In his colloquial charge the learned justice was not so precise as he might have been in his statement of the duty of the plaintiffs promptly to examine and accept or reject the goods sold to them. He did, however, at defendant's request, charge very fully upon that subject afterwards. His statement as to the relevancy of the defendant's requests, and which to some extent qualified them, was not excepted to. Taking the colloquial charge and the request together, the jury had the law stated to them as favorably as the defendant was entitled to. The other exceptions in the case do not show reversible error. Judgment and order affirmed, with costs.

CASSANI, Respondent, v. DUNN, Appellant. (Supreme Court, Appellate Division, First Department. February 23, 1900.) Action by Francesco Cassani against Thomas J. Dunn, as sheriff. P. J. Britt, for appellant. A. I. Oishei, for respondent. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, on authority of Levy v. Dunn, 160 N. Y. 504, 55 N. E. 288. See 60 N. Y. Supp. 756; 62 N. Y. Supp. 1133.