### DUNN, Sheriff, v. NATIONAL SURETY CO.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. SHERIFFS — EXECUTIONS — INDEMNITY BONDS — LIABILITY OF SURETY — AC-
CRUAL.
    Where defendant executed an indemnifying bond to a sheriff, defend-
    ant's liability on the bond attached immediately on recovery of a judg-
    ment against the sheriff, unless the judgment was not within the terms
    of the bond or was fraudulently or collusively recovered.

2. SAME—CONSTRUCTION OF BOND—ADMISSIONS IN PRIOR ACTION.
    Where a surety on a sheriff's indemnifying bond contracted to in-
    demnify the sheriff from all harm, liability, costs, expenses, judgment,
    etc., the fact that the sheriff admitted in an action for the wrongful
    levy, that the goods seized were of the value of $15,000, and that he had
    no evidence to contradict the claimant's testimony as to ownership,
    constituted no defense to an action on the bond to recover indemnity
    for the judgment rendered in such action.

3. SAME—QUESTION FOR JURY.
    Where a sheriff seized property on execution, and, on a claimant's ac-
    tion being brought, notified the surety on an indemnifying bond to de-
    fend the same, and unsuccessfully attempted to compel such defense by
    a proceeding which he carried to the Court of Appeals, and thereafter,
    on the trial of such claimant's action, the claimant, under an arrange-
    ment with the sheriff, withdrew a part of his claim, whereupon the
    sheriff admitted that the goods seized were of the value of $15,000, and
    that he had no evidence to rebut the claim of ownership, and judgment
    was rendered against him, whether such judgment was fraudulent and
    collusive was for the jury.

4. SAME—COMPROMISE.
    Where a sheriff had unsuccessfully endeavored to compel a surety on
    an indemnifying bond to defend a claimant's action wherein damages
    were claimed for loss of business and for the value of goods seized in
    excess of the penalty of the bond, the sheriff was entitled to compromise
    the claim, as against the surety, provided that in so doing he acted hon-
    estly and in good faith.

Appeal from Trial Term, New York county.

Action by Thomas J. Dunn against the National Surety Company on a sheriff's indemnity bond. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and LAUGHLIN, JJ.

Charles E. Hughes, for appellant.

Philip J. Britt, for respondent.

McLAUGHLIN, J. On or prior to December, 1898, judgments had been recovered in the county of New York against Moses Levy and Jennie Levy, and executions had been issued thereon. To in-demnify the sheriff, to whom the executions had been delivered, against any damage or loss which he might sustain by reason of levies made or sales had under the executions, two bonds were given

by the judgment creditors, with the defendant in this action as surety. In pursuance of the executions, the sheriff, through one of his deputies, levied upon, took into his possession, and thereafter sold a quantity of ready-made clothing found in the possession of one Lazarus Levy, a relative of the judgment debtors. Following the seizure and sale, Lazarus Levy brought an action against the sheriff to recover, among other things, the value of the goods taken, upon the ground that the same belonged to him. The sheriff, before interposing an answer in that action, asked the court by its order to compel the surety to take his place as defendant therein. The application was opposed by the surety, but was granted nevertheless, and on appeal the order was reversed by this court (Levy v. Dunn, 39 App. Div. 605, 57 N. Y. Supp. 972), which decision was subsequently affirmed by the Court of Appeals (160 N. Y. 504, 55 N. E. 288, 73 Am. St. Rep. 699). Thereafter the sheriff interposed an answer, and, the issues raised coming on for trial, the plaintiff offered proof to the effect that the goods seized under the executions were his property; that neither Moses nor Jennie Levy had any interest in them; that the value of the same exceeded by several thousand dollars the amount called for by the executions or realized on the sale; and that all of the goods seized were not sold by the sheriff, but some of them, at the time of the sale, were in a store in Pittsburg, Pa. After this proof had been given, and before the termination of the trial, the plaintiff—evidently by an arrangement with the defendant—withdrew from the complaint his claim for damages for certain goods alleged not to have been sold, and particularly those claimed to have been discovered in the store referred to. Thereupon the defendant, through his counsel, admitted that the value of the property taken under the executions was at least $15,000, and that he had no evidence tending to contradict the plaintiff's testimony that the same belonged to him, whereupon the court directed a verdict in favor of the plaintiff for $15,000, upon which judgment was entered. Subsequently this action was brought to recover from the defendant the amount of the judgment, including the expenses, attorney's fees, etc., incurred in defending that action. The defendant interposed an answer, and sought to escape liability, principally upon the ground that the levy was not made in good faith; that the value of the goods seized was largely in excess of the amount called for by the executions; and that the judgment which Levy had obtained against the sheriff was not binding upon the defendant, inasmuch as it was obtained by the fraudulent and collusive acts of the sheriff and Levy. Upon the trial much testimony was given bearing upon this issue—that on the part of the plaintiff tending to show that the value of the goods seized was several times what the property sold brought at the sale, and that all of the goods were not sold. Upon the other hand, however, the defendant produced the deputy who made the levy, who testified that he made a list of the property taken, all of which was subsequently sold, and he was corroborated by several witnesses— the persons who took the property to the storehouses, there guarded it, or thereafter took it to the place of sale. The trial court submitted the questions presented to the jury, with instructions that "if the

levy was properly made, and all the goods seized were sold at the sale, then the judgment is binding, unless impeached by evidence of fraud. If the goods seized were not sold—were collusively and fraudulently included in the judgment for the purpose of imposing a liability upon the defendant, and to relieve the sheriff from the consequences of his wrongful act, whether connected with the levy or the subsequent proceedings—plaintiff cannot recover." The jury found a verdict in favor of the plaintiff for the amount claimed, and from the judgment thereafter entered this appeal is taken.

After a careful consideration of the record and the briefs submitted by the respective counsel, we have reached the conclusion that the judgment is right and should be affirmed. The defendant, by virtue of the bonds given, became liable to the sheriff immediately upon recovery of the judgment against him (Conner v. Reeves, 103 N. Y. 527, 9 N. E. 439; Foo Long v. A. S. Co., 146 N. Y. 251, 40 N. E. 730), unless it could show that the judgment did not come within the terms of the bonds, or that it was fraudulently or collusively recovered. The language used is certainly comprehensive enough to include the judgment. It is to the effect that the surety company will "save, keep, and bear harmless and indemnify the * * * sheriff * * * and every person * * * aiding and assisting him * * * of and from all harm, let, trouble, damage, liability, costs, counsel fees, expenses, suits, actions, judgments," etc. Nor is the force of this language destroyed by the admission which the sheriff made in the Lazarus Levy action as to the value of the goods seized, and that he had no evidence to contradict that offered by the plaintiff that the goods taken belonged to him. A judgment by default has been held to be covered by an indemnity against judgments (Lee v. Clark, 1 Hill, 56; Aberdeen v. Blackmar, 6 Hill, 324), and in Conner v. Reeves, supra, which was an action on an indemnity bond given to a sheriff on the seizure of property, indemnifying him against all suits, actions, or judgments, it was held that a judgment rendered against him by consent, in good faith, was prima facie evidence against the surety in an action upon the bond.

And as to whether the judgment was fraudulently or collusively recovered was a question for the jury to determine upon all of the evidence presented. The question was fairly submitted to them, with appropriate instructions as to the law, and, they having found in favor of the plaintiff, we see no reason to interfere with their verdict. Whether all of the goods which were seized were sold at the sheriff's sale was clearly a question of fact, as was also the question of whether the sheriff acted in good faith in making the admission which he did. In this connection it must be borne in mind that in the action against the sheriff the plaintiff claimed that he had been damaged, by the seizure, in the value of the goods taken, and injury to his business, upwards of $100,000, and proof had been produced tending to establish that claim in some respects. The bonds indemnified the sheriff in something less than $20,000. This being the situation, he had a right to compromise, and, so long as he acted honestly and in good faith, his act could not be questioned, inasmuch as he had done all he could do to compel the defendant in this action

to take his place as defendant in that action. The jury by their verdict found, and there is evidence to sustain the finding, that all of the goods seized were sold, and that the sheriff, in making the settlement, did in fact act in good faith, and that the recovery against him was not fraudulently or collusively obtained. This being so, the amount of that recovery, together with the expenses, including counsel fees, etc., measured the defendant's liability, and we are unable to discover that anything beyond this was included in the verdict.

Other grounds are urged for a reversal of the judgment, but after an examination of them we do not deem them of sufficient importance to be here considered.

The judgment and order appealed from, therefore, must be affirmed, with costs. All concur.